[No. 1960.  April 16, 1917.]
# HERBST v. ROGERS.

### SYLLABUS BY THE COURT.

1. The failure of appellant to file transcript of record in this court within time specified by law is waived, where no advantage thereof is taken until after transcript has been filed.
P. 451

2. Bills of exception must be settled and signed on or before ten days before the original return day, unless time therefore is specifically extended. Held, extending time for filing complete transcript in this court does not extend time to settle and sign bill of exceptions.
P. 451

3. Assuming that grant of an indefinite easement cannot be enlarged or changed beyond its terms as subsequently de-

fined by practical construction, that doctrine has no application in face of findings of trial court, which when reasonably construed, hold that no practical construction of the grant was made by the parties.     P. 453

Appeal from District Court, Chaves County; J. T. Mc-Clure, Judge.

Action between James B. Herbst and William E. Rogers. Judgment for Rogers, and Herbst appeals.   Affirmed.

REID & HERVEY of Roswell for appellant.

The grant of an indefinite easement, when once located and fixed, cannot thereafter be changed or enlarged without the consent of all parties.

14 Cyc. 1205; Jennison v. Walker, 11 Grey 423; Moorhead v. Snyder, 31 Pa. St. 514; Garraty v. Duffy, 7 R. I. 476; Onthank v. Lake Shore & M. S. R. Co., 71 N. Y. 194, 27 Am. Rep. 35; Allen v. San Jose Land & Water Co., 15 L. R. A. p. 93, with note; White Bros. & Crum Co. v. Watson, 64 Wash. 666, 117 Pac. 497, 44 L. R. A. (N. S.) 254; Jaqui v. Johnson, 27 N. J. Eq. 526; Winslow v. Vallejo, 84 Pac. 191, 113 Am. St. Rep, 349, 5 L. R. A. (N. S.) 851, 7 Am. & Eng. Ann. Cases, 851; Vestal v. Young, 52 Pac. Rep. 381; Oliver v. Agasse, 64 Pac. 401; Rhoades v. Barnes, 102 Pac. 884; Wiel on Water Rights, 3 Ed., Sec. 502; Callan v. Hause, 91 Minn. 270, 1 Am. & Eng. Cas., p. 680.

U. S. BATEMAN of Roswell for appellee.

The easement was never fixed, located or enjoyed, hence appellant's main premise is erroneous.   Appellee's predecessors in title acquired a definite property right which was more than an easement.

Moline Water Power Co. v. Cox, 96 N. E. 1044; 14 Cyc. 1142; 23 A. & E. Enc. L. 187; Blood v. Millard,

51 N. E. 529; Cram v. Chase, 43 L. R. A. (N. S.) 824; Arnold v. Farr, 17 Atl. 1004.

### OPINION OF THE COURT.

PARKER, J. [1] Appellee has moved to strike out certain portions of the record and to dismiss the appeal on four grounds, only two of which are argued or supported by brief. He insists that the appeal should be dismissed because the transcript of record was not filed until after the return day. There is no merit in that contention. While the statute (section 4490, Code 1915) requires appellant to file the transcript of record in this court at least ten days prior to the return day, this requirement was waived because the transcript was filed prior to the taking of advantage of such default. He further insists that this cannot be the rule, for in such event the perfecting of the appeal might be delayed for many years. The answer to that contention is that, unless the transcript is filed in the time required by law, the appellee has his remedy by proffering in this court, before such default is cured, a skeleton transcript and motion to docket the case and affirm the judgment of the trial court. Failing to do this or taking any action with reference thereto until after the transcript has been filed, appellee lost any right he might have had by his own lack of action. Armijo v. Abeytia, 5 N. M. 533, 25 Pac. 777; Sacramento Irr. Co. v. Lee, 15 N. M. 567, 571, 113 Pac. 834; Eagle M. & I. Co. v. Lund, 15 N. M. 696, 113 Pac. 840.

[2] The other proposition argued by appellee on the motion is that the bill of exceptions is not properly before the court, for the reason that the same was settled and signed long after the return day of the appeal, and no extension was ever granted for signing and settling the same.

The decree was rendered on January 5, 1916, and the appeal granted therefrom on January 10, 1916. The return day was therefore May 20, 1916, but the transcript of record must have been filed in this court on or before May 10, 1916. Subsequent to the granting of the appeal,

two orders were entered by the trial court, one extending the time to "perfect his appeal herein and file a completed transcript in the Supreme Court," the other extending the return day to June 20, 1916. Appellee's contention is that neither of these extension orders extended the time to settle and sign the bill of exceptions, either spcifically or automatically or by necessary implication. Appellant elected to proceed by way of bill of exceptions, under section 4495, Code 1915, rather than by certifying the record of proceedings by the trial court under section 4493, Code 1915. Under our practice the bill of exceptions must be settled and signed at least ten days prior to the return day, the last day upon which the transcript may be filed in this court. Under section 4505, Code 1915, the time in which the bill of exceptions must be settled and signed may be extended by the district judge, provided the application therefor is made prior to ten days before the return day of the appeal. The real question is whether the extension of time of the return day and the day for filing complete transcript in this court automatically extended the time to settle and sign the bill of exceptions. In United States v. Sena, 15 N. M. 187, 106 Pac. 383, the court held that settling and signing the bill of exceptions subsequent to the time specified by law was unauthorized. In Costilla Land & Dev. Co. v. Allen, 17 N. M. 343, 345, 128 Pac. 79, it was said that the purposes of section 4490, Code 1915, providing for an extension of time to file a complete transcript in this court, and section 4504, Code 1915, providing for extension of time for settling and signing bills of exceptions, were entirely different. The court strongly intimates in that case that if a party would have his time extended for settling and signing the bill of exceptions he must first make application therefor within the time required by law, and that the court must specifically grant the extension, and that extending the time to file a complete transcript in this court does not automatically extend the time for settling and signing the bill of exceptions. In Ponle v. Orekar, 161 Pac. 1110, this court said:

"The statutes governing the question under consideration

Land & Development Co. et al v. Robert Allen et al., 17 N.
M. 343, 128 Pac. 79, and it was there pointed out that section
2 of Chapter 120, Laws 1909, appearing as section 4490, Code
1915, only authorizes an extension of time within which to
file a complete transcript, and under this section no authority
exists for extending the time for settling and signing the
bills of exceptions.'"

The law requires the application to be made sometime
between the granting of the appeal and ten days prior
to the original return day. The fact that the return day
is extended by the trial court, by the extension of time to
file a complete transcript in this court ,or otherwise, is
entirely without bearing on the question as to whether the
time to settle and sign the bill of exceptions was extended.
The record in the case at bar discloses that the bill of ex-
ceptions was settled and signed long after the original re-
turn day, and fails to disclose any order extending the
time to settle and sign the same. Therefore the bill of
exceptions must be stricken from the record.

[3] The only question raised on the merits of this
case by the appellant is contained in the second assignment
of error. It is as follows:

"The court erred in holding and decreeing that defendant,
having fixed the place, manner, and means of diverting his
water and exercising his right and enjoying his easement,
may change the same at will by adding a further and different
burden to the servient estate."

In 1900 an artesian well was drilled upon the boundary
line of two lots situate in the North Springs River addi-
tion to the city of Roswell. Thereafter a number of
grants of water rights therefrom were made, one of them
being to appellee's immediate predecessor in title. That
grant entitled the grantee to water from said well suffi-
cient to fill a one-inch pipe, but was otherwise indefinite.
The well is situate about one foot from an alley, and di-
rectly across the alley lies the land of appellee. The same
water right was granted to appellee as was granted to his
immediate predecessor in title. Shortly before the bring-
ing of this suit the appellee learned, by investigation, that
his water supply from said well came from two ¾-inch
pipes connected to the Carleton ⅞-inch pipe which crossed

his land, which was in turn connected to a 3-inch feed pipe on the well. Believing that he was entitled to take his water from pipes in direct connection with the well, the appellee was about to make such a connection when enjoined by the appellant. The authority cited by appellant is to the general effect that after the grant of an indefinite easement has been made definite by the acts of the parties no greater burden can be imposed upon the sevient estate thereafter without its owner's consent. Some of the cases so holding are Onthank v. L. S. & M. S. R. R. Co., 71 N. Y. 194, 27 Am. Rep. 35; Allen v. San Jose L. & W. Co., 92 Cal. 138, 28 Pac. 215, 15 L. R. A. 93, and note; Capen v. Garrison, 193 Mo. 335, 97 S. W. 368, 5 L. R. A. (N. S.) 851, and note; Cram v. Chase, 35 R. I. 98, 85 Atl. 642, 43 L. R. A. (N. S.) 824, and note; White Bros. & Crum Co. v. Watson, 64 Wash, 666, 117 Pac. 497, 44 L. R. A. (N. S.) 254. The trial court held that the appellee and his predecessors in title had used water from the well for more than ten years, but that appellee was not estopped in any wise by his conduct. That finding necessarily and manifestly implies that, while it is true that appellee did use or take water from the well, still he did not exercise his election under the terms of the implied easement; hence is free now to make his election as to the manner and mode of conveying his water from the well to his land under the terms of the grant. In view of the fact that there has been no practical construction of the easement or grant by appellee, or his predecessor in title, the judgment of the trial court was evidently correct. There is substantial evidence to sustain that finding, and the contention of appellant is obviously inapplicable to the facts of the case.

The judgment of the trial court is therefore affirmed; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.