[No. 2596.   June 25, 1921.]

## COLLINS v. UNKNOWN HEIRS et al.

### SYLLABUS BY THE COURT.

1.   A motion to dismiss a writ of error or appeal for failure to file a transcript of record or assignments of error within the time required by statute, not made until after the appellant or plaintiff in error has cured the default, will be denied.                                                                 P. 223

2.   Where an appellant files a motion for extension of time within which to file assignments of error before appellee has taken advantage of the default, such motion has the effect of curing the default if granted by this court.          P. 223

3.   An extension of time granted by the trial court for settling and signing the bill of exceptions automatically extends the return day for the appeal or writ of error to 10 days beyond such extended time.                          P. 224

4.   The trial court may grant a second extension of time within which to settle and sign the bill of exceptions, where a præcipe for the record has been filed within the time limited by the statute.                                      P. 225

Appeal from District Court, Sandoval County; Hickey, Judge.

Action by A. E. Collins against Unknown Heirs and others.   Judgment for plaintiff, and defendants appeal.   Motion to dismiss appeal and affirm judgment denied.

Simms & Botts, of Albuquerque, and M. C. De Baca, of Bernalillo, for appellants.

H. B. Jamison, of Albuquerque, for appellee.

### OPINION OF THE COURT.

ROBERTS, C. J.   Appellee has filed a motion to dismiss the appeal and affirm the judgment in this cause.   A statement of the facts first upon which the motion is based will lead to a better understanding of the motion.

The appeal was taken July 15, 1920; cost bond was filed and approved, and præcipe for the record was filed, all within the statutory time.   On September 17, 1920, a motion was filed for additional

time to have bill of exceptions settled, signed, and filed. This motion was granted on September 25, and the time was extended for 90 days. The effect of this order was to extend the time for settling and signing the bill of exceptions to January 11, 1921. On December 31, 1920, a motion for further additional time to have bill of exceptions settled, signed, and filed was filed, but the motion was not acted upon until January 26, at which time an order was entered, granting the additional time requested and extending the return day until March 12. The transcript of record was filed in this court within the extended time, and on March 14 appellant filed a motion, requesting the court to grant them two weeks additional time within which to file assignments of error. On March 16 appellee filed this motion to dismiss the appeal and affirm the judgment because (1) assignments of error had not been filed within the time required by the statute; and (2) because the original return day of the appeal had never been extended by the trial court; and (3) because the court was without power to grant the second extension.

[1] It has been frequently decided by this court that a motion to dismiss a writ of error or appeal for failure to file a transcript or assignments of error within the time required by statute, not made until after the appellant or plaintiff in error has cured the default, will be denied. Armijo v. Abeytia, 5 N. M. 533, 25 Pac. 777; Sacramento Valley Irrigation Co. v. Lee, 15 N. M. 567, 113 Pac. 834; Eagle M. Co. v. Lund, 15 N. M. 696, 113 Pac. 840; Gauss-Langenberg Hat Co. v. Raton National Bank, 17 N. M. 233, 124 Pac. 794.

[2] When appellant filed its motion for extension of time within which to file assignments of error before appellee had taken advantage of its default, such motion had the effect of curing the default, if granted by this court. It has been the uniform

practice to grant such a request for extension of time where any reasonable showing is made of necessity therefor. The showing here is that the transcript is very voluminous, and because of such fact appellants had not been able to prepare and file proper assignments of error. This showing was sufficient to warrant the granting of the extension asked. As appellants' motion to dismiss was not filed until after the default was cured, it was not well taken on this ground.

[3] Passing to the second question: (1) Does the extension of time for settling and signing the bill of exceptions automatically extend the return day, or is a separate order of the court required to effectuate such extension of the return day? While we have been unable to find any case decided by this court on this question, it has been the uniform practice to regard an extension of time to settle and sign the bill of exceptions as extending the return day 10 days beyond such extended time. Section 36, chapter 43, Laws 1917, authorizes the granting of an extension of time within which to have the bill of exceptions settled and signed, and provides for the filing by the clerk of the district with the clerk of the Supreme Court of a certified copy of such order. The purpose of this, of course, is to prevent the appellee from docketing the cause and securing the affirmance of the judgment for failure to file the transcript in time. Where the trial judge extends the time for settling and signing the bill of exceptions, the return day of the cause is automatically extended by such order, and no separate order of extension of the return is required. Section 22, which provides for extending the return day, contemplates that for some reason the clerk of the district court is not able to make up the transcript within the time required after the bill of exceptions has been settled, signed, and filed; and it is designed to take care of the appellant in such a case, and to give him further time to file the transcript in this

court. So far as we know, in no case where the time for settling and signing the bill of exceptions has been extended has a separate order been entered, extending the return day of the appeal or writ of error.

[4] The third proposition relied upon is that the trial judge had no power to grant the second extension of time within which to settle and sign the bill of exceptions. This contention does not accord with the uniform practice. In many cases two or more extensions of time have been granted by the trial judge, and no question has heretofore been raised as to the power to do so. The only limitation upon the power of the court to grant an extension of time for such purpose is that contained in section 36, which prohibits such order unless the appellant or plaintiff in error has filed, or caused to be filed, in the office of the clerk of the district court, in 30 days after an appeal is taken or writ of error sued out, his præcipe for the record on appeal or writ of error as the case may be, and has ordered the transcribing of the testimony to be included in his bill of exceptions. This statute, as stated, was complied with by appellants, and where such statute is complied with, the trial court has authority to grant such additional time as in its judgment may be necessary to enable the appellant to prepare the bill of exceptions, and is not limited to one extension, but may grant as many as in its judgment are necessary to secure the accomplishment of such purpose.

It follows that the motion to dismiss the appeal and affirm the judgment must be denied; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.