. [No. 3273. Feb. 3, 1928.]

CITY OF LAS VEGAS v. PEOPLE'S BANK & TRUST CO. et al.

[264 Pac. 951.]

Chas. W. G. Ward, of East Las Vegas, for appellant.

H. E. Blattman and M. E. Noble, both of East Las Vegas, for appellee.

## OPINION OF THE COURT

PARKER, C. J. This appeal was granted on November 16, 1926. On April 20, 1927, appellant applied for and was granted by the district court an extension of time for 30 days within which to prepare and file a transcript on appeal. Thereafter, on May 23, 1927, a like further extension of time was applied for and granted. On June 28, 1927, appellant presented to the district judge the bill of exceptions, and the same was settled and signed. The return day of this appeal was February 14, 1927, 90 days after the appeal was taken. Whether the district court on April 14, 1927, 60 days after the return day of the appeal, had power to grant time within which to perfect the record on appeal, is not necessary to notice, because it is not urged. But see section 22, chapter 43, Laws 1917.

The proposition presented here is by way of a motion to strike the bill of exceptions. It appears that the appellant failed to apply for an extension of time to settle the bill of exceptions at least 10 days before the return day, or at any other time, and no such extension has ever been granted. All that was done was to settle the bill on June 28, 1927, the time for so doing never having been extended. This was without authority and void. See section 36, chapter 43, Laws 1917. Christian v. Lockhart, 30 N. M. 484, 239 P. 285.

Appellee further moves to affirm the judgment, upon the ground that all of the assignments of error relate to matters appearing only in the bill of exceptions. In such case no question is presented to this court for review. State ex rel. Sandoval v. Board of Commissioners, 26 N. M. 170, 190 P. 352.

It follows, from all of the foregoing, that the bill of exceptions should be stricken from the transcript, and the judgment of the district court should be affirmed, and the cause remanded; and it is so ordered.

BICKLEY and WATSON, JJ., concur.