[No. 3305.    April 12, 1928.]

MASSENGILL v. CITY OF CLOVIS et al.

[267 Pac. 70.]

S. G. Bratton, of Albuquerque, for appellant.

Otto Smith and Hall & McGhee, all of Clovis, for appellees.

## OPINION OF THE COURT

PARKER, C. J.   On July 1, 1927, an order allowing an appeal was filed in the court below.   On August 24, 1927, there was filed an order extending- the time within which to settle the bill of exceptions to October 15, 1927, and the time within which to file complete transcript in this court to November 1, 1927.   This order was signed by Judge Brice, judge of the Fifth judicial district, sitting at the request of Judge Hatch, judge of the Ninth judicial district.   On October 10, 1927, Judge Brice settled the bill of exceptions, at which time appellees appeared and objected to the settling of the bill, for two reasons:  (1)   There was no authority on the part of any judge to extend the time for settling the bill of exceptions and filing the transcript; and (2) Judge Brice had no authority to act for Judge Hatch in the settling of the bill.

Appellees have filed in this court a motion to strike from the transcript the bill of exceptions based upon the same grounds urged in the court below in their objection to the settling of the same.

The authority for the district judge to extend the time for settling the bill of exceptions is contained in section 36 of chapter 43, Laws 1917.   This section was repealed by section 11 of chapter 93, Laws 1927.   This latter act was approved March 14, 1927, and, having no emergency clause, it went into effect 90 days thereafter, or June 12, 1927.   On June 8, 1927, by rule we adopted this section as a rule of this court, thus restoring to the

district courts the power to make extensions of time the same as under the statute. (This matter is now covered by section 2 of rule 11 of this court, effective March 1, 1928.) We exercised this power under the provisions of section 43 of chapter 43, Laws 1917, which remains unrepealed, and which is as follows:

"The Supreme Court shall make rules for the government of the practice in writs of error and appeals which rules shall not conflict with any laws in force in this state."

The argument of appellees in support of their motion to strike is, as we understand the same, that section 21, c. 43, Laws 1917, which is still in force, provides that all appeals and writs of error shall be returnable in 90 days after the same are taken or sued out; that, section 36 having been repealed, there is no longer any power by statute to grant such extensions. The argument is based upon the consideration that to allow us to grant by rule the power to extend time would be contrary to the terms of said section 21, and would, consequently, exceed our powers under said section 43. If such a result is to follow the passage of the 1927 act, then certainly the Legislature has been guilty of a gross oversight, resulting in a calamity to litigants and the destruction of an important part of our appellate procedure. This legislation was prepared by the bar association after careful consideration and detailed discussion, and was designed to substitute for legislation rules to be promulgated by this court regulating appellate procedure. Every member of the bar association participating in the preparation of this legislation knew that some provision for extensions of time in these matters was necessary, and, no doubt, believed that said section 43 was ample authority for us to adopt rules on the subject. This court has so considered the matter both in discussions among ourselves and with the lawyers, and have adopted the rules accordingly.

Descending to the specific point raised, we have no difficulty in concluding that the objection is not well founded. Section 43 authorizes us to adopt rules not in conflict with any law. There is no law on the subject of extensions of time. Our rules, therefore, conflict with no

law of the state. It is true that the return day is still within 90 days after the appeal or writ of error, but, in case of an extension of time, said section 21 is only indirectly rendered inoperative by reason of the extension, and is not in any direct way impinged upon. Although by statute the return day is not less than 90 days in appeals or writs of error, this court has no jurisdiction or power to act until the same has been perfected by docketing in this court and filing of the transcript, neither of which had been done at the time of the granting of the extension or the settling of the bill of exceptions in this case. The jurisdiction over the subject-matter and the parties had not been effectually transferred to this court. We know of no statute or rule of law which prevents us from providing by rule that, so long as the jurisdiction of the cause has not been completely transferred to this court, we may not provide by rule that extensions of time may be granted by district judges to settle bills of exceptions, or to file transcripts in this court. The remedy of appellees in this case to test the power of the district courts to grant extensions of time would, under former statutes, have been to present to this court a skeleton transcript and ask for an affirmance, or other disposition of the case, as provided by section 22 of chapter 43, Laws 1917. But this section was repealed by the act of 1927, so that appellees had no remedy whereby to take advantage of the default of the appellant in failure to file a transcript within 90 days after the taking of the appeal until that remedy was provided by rules of this court.

A misconception, it seems to us, as to the scope and meaning of section 21 is more or less prevalent. This section does not effectively and completely transfer to this court jurisdiction over the cause as to the subject-matter or parties. Something more is required. There must be a transcript made up, a bill of exceptions settled, and the transcript must be filed in this court before we can proceed to exercise our jurisdiction to review the alleged errors occurring at the trial. Until this is done, we are without power to proceed. Then, and then only, do we have complete jurisdiction in the cause, although the district court loses jurisdiction over the judgment and pro-

ceedings so far as the merits of the cause are concerned. The district court does, however, retain jurisdiction over the cause in so far as the contents of the transcript on appeal or error is concerned, and may be empowered, as has been done by rule, to extend the time. There is some confusion in the language of our previous decisions, but we regard the foregoing sufficiently clear to state the attitude of this court. It follows that the first point raised should be overruled.

■ In further support of the motion to strike, it is urged that Judge Brice was not properly authorized to act for Judge Hatch in settling the bill of exceptions or extending the time for filing the transcript in this court. When objection was made by appellees, Judge Brice made findings of fact showing the circumstances under which he acted. Judge Brice found that, prior to the trying of this case in the district court, Judge Hatch entered a formal written order requesting Judge Brice to try matters, including this case, that might come before the court in his absence from the state; that this cause came on to be tried during the absence of Judge Hatch from the state, and that he returned at about the close of the trial; that Judge Hatch requested Judge Brice orally also to try this particular case, because he was disqualified to try the same; that Judge Hatch was within the state on June 1, 1927, and thereafter until after the 22d day of August, 1927, and was in the state when the judgment in this case and the judgment extending the time were signed and at the time the bill of exceptions was settled and signed; that appellant gave appellees written notice that on August 22, 1927, a motion to extend the time within which the bill of exceptions should be signed, and the transcript filed in the Supreme Court would be presented to Judge Brice for signature; that counsel for appellees advised counsel for appellant in writing that the appellees would not appear, nor contest the motion, and that such motion was presented on the 22d day of August, 1927, and order of extension made, and the appellees did not appear, nor resist such action; that on October 3, 1927, Judge Hatch requested Judge Brice over the telephone to act in the matter of settling the bill of exceptions, and that no writ-

ten order or designation to so act was made by Judge Hatch, and there has been no designation to so act by the Chief Justice of the Supreme Court of the state; that appellees appeared and presented their written objections to the settling of the bill of exceptions by Judge Brice; that Judge Brice acted on the request of Judge Hatch by reason of the original request in writing, mentioned above, because Judge Hatch orally requested him to try the cause on account of the disqualification of Judge Hatch, but that no written order or request, except the one above referred to, was made by Judge Hatch.

It thus appears that the objections of appellees are based, not upon the fact that Judge Brice was not requested by Judge Hatch to act as he did act in the premises, but upon the fact that he was not designated by an order in writing filed in the cause to so act. We do not deem the objection well founded. It is true that ordinarily a court speaks only by its records, but, in view of the language used in section 15 of article 6 of the state Constitution, we do not deem a formal order necessary. The language of the section is:

"Any district judge may hold district court in any county at the request of the judge of such district."

It is to be observed that this provision does not refer to any act of the court as such, but refers simply to the request of one district judge upon another to hold court in the former's district. It is a matter which may well rest in parol. The personnel of the district judges of this state is of such high character and repute that this court and the citizens of the state may well take the assertion of any district judge to the effect that he has been requested by another district judge to hold court in the latter's district to be absolutely true and beyond dispute. No district judge in this state has ever attempted to act as an interloper and to assume to attend to the business of another judge, unless he has been requested so to do by the latter, and we may well assume none could ever be found. The certificate of the judge of the district court that in doing certain acts in a cause he was doing so at the request of another judge will always be suf-

ficient to carry with it the impress of absolute verity so far as this court is concerned. It is true that in our rules, rule 11, section 2, in force March 1, 1927, we provide that an order should be made and entered in case a district judge is requested to settle a bill of exceptions or to extend the time therefor in another district. This rule was adopted merely in the interest of more orderly and usual procedure, but we believe that, under the terms of the Constitution above quoted, no order need have been made and filed in the case, although the better practice would be to do so, by reason of the requirements of our rule.

For the reasons stated, the second ground for the motion to strike will be overruled.

It follows from all of the foregoing that the motion to strike the bill of exceptions from the transcript should be denied, and it is so ordered.

BICKLEY and WATSON, JJ., concur.