[No. 3497.   March 24, 1930.]

BYBEE v. WHITE.

[287 Pac. 290.]

O. E. Little, of Roswell, for appellant.

Reese & Reese, of Roswell, for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

Appellee moves to strike the bill of exceptions, claiming that it was settled too late.

The transcript of the record and proceedings in the case was filed within the time allowed by extensions of time granted. The bill of exceptions settled upon notice and without objection is contained in the transcript. Appellee bases his contention upon the failure of appellant to secure extension of time in which to secure the settling and signing of the bill of exceptions, as well as an extension of time in which to file the transcript. He relies upon City of Las Vegas v. People's Bank & Trust Co. et al., 33 N. M. 238, 264 P. 951. This case was decided when section 36, chapter 43, Laws 1917, was in force. That section, with others in the same chapter, put certain limitations upon the time of settling and signing the bill of exceptions, unless extension of time was secured, and contained certain limitations upon the right to extension of time. But said sections were repealed by chapter 93, Laws 1927. Under our rule-making power, Rules of Appellate Procedure were adopted, effective March 1, 1928, superseding in many instances the statutes repealed. The statutory time limit on settling bills of exceptions was not incorporated in our rules. As we said in Alexander Hamilton Institute v. Smith, 33 N. M. 631, 274 P. 51: "The changes and additions result in liberalizing the procedure." See, also, State v. Faircloth, 34 N. M. 61, 277 P. 30.

We now hold that the bill of excpetions is settled and signed in time, if it is duly incorporated in the transcript of the record and proceedings in the case, filed on or before the return day of the appeal or writ of error, original or as extended.

For the reasons stated, the motion will be denied, and it is so ordered.

WATSON, PARKER, CATRON, and SIMMS, JJ., concur.