34 P.(2d) 1093

### NATIONAL MUT. SAVINGS & LOAN ASS'N v. McGHEE, District Judge.
#### No. 3968.

Supreme Court of New Mexico.
July 16, 1934.

J. S. Vaught, of Albuquerque, for relator.

G. L. Reese, Jr., of Carlsbad, for respondent.

SADLER, Justice.

Relator seeks by invoking our original jurisdiction in mandamus to compel respondent, as judge of the district court of the Fifth judicial district, sitting in Lea county, to assume jurisdiction to act upon relator's motion for an extension of time within which to settle a bill of exceptions and perfect an appeal to this court from a judgment of said district court theretofore rendered against it. Right to the relief prayed is based upon facts to follow.

The judgment was rendered on June 1st, appeal granted June 19th, præcipe for record on appeal filed July 18th, and extension of 90 days for perfecting appeal allowed on September 8th, all in the year 1933. These proceedings carried relator's time for filing transcript in this court to December 16, 1933. It

was not filed within such time, nor has it since been filed.

However, counsel for relator, apparently conscious that his time was about to expire, on December 15th addressed a letter to the official court reporter, charged with preparation of said record, requesting him to secure additional time for him within which to perfect said appeal. The reporter replied that under a rule of respondent the reporter was not permitted to prepare motions and extension orders for attorneys.

Thereupon, and on December 28, 1933, the relator formally moved for a further extension through written motion filed in the cause, and hearing thereon was set for January 6, 1934. At the conclusion of such hearing respondent rendered a written opinion, reciting much of what is related above, and additionally that on account of the press of other business the reporter had been unable to transcribe his notes, but holding, nevertheless, that since the time for perfecting appeal had already lapsed when formal motion to further extend was filed, he was without jurisdiction to make an order of extension. This was the sole reason assigned for denying the requested extension.

Respondent set January 22, 1934, for signing an order denying the application for the reason stated. The date for signing such order was later extended by respondent to February 4, 1934.

In the meantime relator moved in this court for mandamus to require respondent to assume jurisdiction of the motion for extension. The matter is now before us upon the alternative writ awarded relator and respondent's answer by way of return thereto. The sole defense to the writ is the asserted want of jurisdiction in respondent to grant an extension for perfecting an appeal after expiration of the time therefor under the rules or previous order.

The decision of the question presented involves a consideration of changes in our appellate procedure as affected both by statutes and our rules relative thereto. As the law existed affecting this situation prior to the enactment of chapter 57, N. M. Session Laws of 1907, the material portion thereof being italicized in the quotation to follow, it provided: "All appeals taken thirty days before the first day of the next term of the supreme court shall be tried at that term, and appeals, taken in less than thirty days before the first day of such term, shall be returnable to the next term thereafter; the appellant shall file in the office of the clerk of the supreme court, at least ten days before the first day of such court to which the appeal is returnable, a perfect transcript of the record and proceedings in the case. *If he fail to do so, the appellee may produce in court such transcript, and if it appear thereby that an appeal has been allowed in the cause, the court shall affirm the judgment, unless good cause can be shown to the contrary.*" L. 1846, c. 16, § 6; section 2189, C. L. 1884; § 3140, C. L. 1897.

In 1907, by section 60 of chapter 57 of the Session Laws of that year, a specific repeal of this among many other sections affecting appellate procedure was enacted, and section 21 of said act covered the same ground as the section quoted above in the language follow-

ing, the pertinent portion thereof being italicized, to wit: "The appellant in case of appeal and the plaintiff in error in cases of writs of error shall file in the office of the clerk of the supreme court at least ten (10) days before the return day of any writ of error or appeal, as perfect and complete a transcript of the record and proceedings in the cause as may be necessary to enable the court to properly review it. *If he fails to do so, the appellee or defendant in error may produce in court such transcript any time after such return day and if it appear thereby that an appeal has been allowed in the cause, or from the record of the court, that a writ of error has been sued out, the court shall upon such transcript affirm the judgment, unless good cause be shown to the contrary.*" L. 1907, c. 57, § 21.

In 1909, by section 2 of chapter 120 of the Session Laws of that year, the italicized portion of the section of the 1907 act, just quoted, was by amendment stricken out, and a more detailed procedure supplied in lieu thereof for filing abbreviated transcript and procuring the docketing and affirmance of a cause "unless good cause be shown to the contrary." And there was added immediately following the language just quoted, the following: *"Provided,* That the supreme court or the judge of the district court, where such judgment was rendered, or any other justice of the supreme court, in the absence from the Territory of the judge of the court which rendered the judgment, may for good cause shown, satisfactory to him, grant to the appellant or plaintiff in error, further time to file a complete transcript in said cause, even

though the time to file the same may have expired." L. 1909, c. 120, § 2, N. M. St. Ann. 1915 Codif., § 4490.

So the law stood until adoption of a new appellate procedure act known as chapter 43 of New Mexico Session Laws of 1917. While making some substantial changes in the language preceding the proviso quoted next above, there was material change in the terms of the proviso. Found as a part of section 22 of the 1917 act, it reads: *"Provided,* that the Supreme Court or the Judge of the District Court, where such judgment, order, decision or conviction was entered, or any justice of the Supreme Court, in the absence from the state of the judge of the court which rendered the judgment, order, decision or conviction, may for good cause shown, satisfactory to him, grant the appellant or plaintiff in error, further time to file a complete transcript in said cause: *Provided* that application for such extension of time shall have been made at least ten days prior to the return date of such appeal or writ of error." L. 1917, c. 43, § 22.

Section 36 of the same act authorized extensions of time to settle and sign bills of exceptions, to be granted by "the trial judge, or his successor, or in the absence from the state of said trial judge, any other district judge, or in the absence from the district of the trial judge, any other district judge designated by the Chief Justice of the Supreme Court under the provisions of Section 15, Article 6, of the Constitution," etc. It carried also the proviso "that no such extension of time for settling and signing the bills of exception shall be granted, except application

for such extension shall have been made at least ten days prior to the return day."

The law remained thus for about ten years, when by chapter 93 of the Session Laws of 1927, sections 22 and 36 of the 1917 act, along with numerous other portions thereof, were expressly repealed. The reasons prompting this extensive repeal, urged by the bar of New Mexico, are mentioned in State v. Faircloth, 34 N. M. 61, 277 P. 30. It is also pointed out in said opinion that section 43 of the 1917 act, recognizing or conferring the power in this court to make rules governing the practice upon writs of error and appeals, remained intact; being neither amended nor repealed.

Pursuant to such power, pending a revision of the rules of appellate procedure, and to meet the situation otherwise to result from the approaching effectiveness of chapter 93, Session Laws of 1927, the Supreme Court, on June 8, 1927, adopted a special rule, continuing in effect most, if not all, of the provisions of the 1917 act repealed outright by said chapter 93 of the 1927 law. Among the sections so continued in effect were sections 22 and 36 of the 1917 act, mentioned above.

The portions of the 1917 act thus continued were, of course, superseded by the rules of appellate procedure adopted January 7, 1928, effective March 1, 1928, except as continued by the saving clause therein contained for the government of appeals taken and writs of error sued out prior to said effective date. We are not here concerned with the effect of the saving clause.

Rule X of the new rules, so far as material to our consideration, contained substantially the same provision for securing affirmance on skeleton transcript as had theretofore existed in the 1917 act, except in the following particulars, to wit: The transcript no longer must be filed in the Supreme Court "at least ten (10) days before the return day." It is timely if filed "on or before the return day." The ex parte nature of motions to docket and affirm under the 1917 act was eliminated. Five days' notice of the motion therefor must now be given, and upon the hearing of any such motion this court may either docket and affirm, or "permit the appellant or plaintiff in error, as the case may be, to perfect such appeal or writ of error upon such terms as may seem proper to the court."

The old provision theretofore carried as a part of this section authorizing for good cause shown extensions for filing transcript by the Supreme Court or the judge of the district court where such judgment was rendered, or any justice of the Supreme Court if the district judge mentioned were absent from the state, provided the application for such extension were made at least ten days prior to the return day of such appeal, disappears entirely as a part of the language and subject-matter of this section as contained in rule X. So much of it as survives is to be found as section 2 of rule XI of the Revised Rules of Appellate Procedure, effective March 1, 1928. It is this section upon which relator mainly relies. It reads: "The judge who tried the cause, or any other district judge by him or by the Chief Justice, by order, designated, shall have power to settle, sign and seal the bill of exceptions or case stated, and to extend the time therefor, and for filing tran-

script in the Supreme Court. Such power may be exercised at any place within the state."

It is to be noted that neither the Supreme Court, nor any justice thereof, now appears, as both formerly appeared in section 22 of the 1917 act, among those listed who are expressly authorized to extend the time "for filing transcript in the Supreme Court." And whereas in the 1917 act the authorization for extensions of time to file a complete transcript in this court and for settling and signing bills of exceptions appeared in separate sections, 22 and 36 thereof, the authority to extend for either purpose is now merged into a single paragraph, rule XI, quoted above.

Significantly, this court in preparing the rule laid the authority, so far as expressly conferred, in the district judges, preferably the trial judge, "or any other district judge by him or by the Chief Justice, by order, designated," thus confining the power to extend the time for filing transcript to district judges. This was true of the power to extend the time for settling and signing exceptions as conferred in section 36 of the 1917 act, but not so as to extensions for filing the completed transcript in this court. For by section 22 of the 1917 act either the Supreme Court or the resident district judge, or in event of latter's absence from the state, as well any justice of the Supreme Court, might for good cause so extend the time.

This does not mean, however, that the Supreme Court may not under any condition extend the time for filing transcript. For, as noted above, when docketing and affirmance on skeleton transcript are sought, this court may permit the appeal or writ of error to be perfected upon such terms as may seem proper. This power in the Supreme Court, as will be noted, has no basis for its exercise until after an appellee has taken advantage of the appellant's default by filing skeleton transcript and moving to docket and affirm.

What then is the situation where, through oversight, neglect, or for other cause, an appellant has permitted the return day to expire without having filed his transcript in this court? Until appellee by motion to docket and affirm accompanied by skeleton transcript has invoked the jurisdiction of this court, the rules have conferred no power on us to extend the time. This the appellee may fail or refuse to do. If the district judge is without jurisdiction in the premises, the appellant is in a perilous position. He may proceed with preparation of his record, with the thought of getting it lodged here before advantage be taken of his default. But if his record embraces a bill of exceptions, certainly the district judge who considers he lacks jurisdiction to extend the time for filing transcript after the return day, normal or as extended, will have difficulty in finding himself possessed of jurisdiction to settle, sign, and seal a bill of exceptions after such time.

This would create an intolerable situation if indeed, as asserted, the respondent is without jurisdiction to act in the premises. We think he does have jurisdiction. The changes in the law and rules applicable have been noted. It was long ago held under the law as it existed from 1846 to 1907 that if the tran-

script was lodged in this court before advantage taken of the default, the appeal would not be dismissed. Armijo v. Abeytia, 5 N. M. 533, 25 P. 777, 778; Sacramento Irrigation Co. v. Lee, 15 N. M. 567, 113 P. 834; Eagle Min. & Imp. Co. v. Lund, 15 N. M. 696, 113 P. 840. The same view was entertained as to an affirmance on skeleton transcript sought under the 1909 amendment. Herbst v. Rogers, 22 N. M. 449, 164 P. 827, 828. A like power was sustained in the Supreme Court under the 1917 act, even though by the terms of said act the district court could grant extensions for filing transcript only upon condition that application therefor had been made ten days before the return day. Collins v. Unknown Heirs, 27 N. M. 222, 199 P. 362.

While under the 1917 act an extension of the time for settling and signing exceptions was deemed automatically to extend the return day, Collins v. Unknown Heirs, supra, the converse was not true. Herbst v. Rogers, supra. But under the more liberal procedure provided by the new rules this anomaly no longer exists, and "the bill of exceptions is settled and signed in time, if it is duly incorporated in the transcript of the record and proceedings in the case, filed on or before the return day of the appeal or writ of error, original or as extended." Bybee v. White, 34 N. M. 600, 287 P. 290.

The 1909 amendment authorizing district courts to extend the time for filing transcript here, whether the time therefor had expired or not, was, we think, no more than declaratory of a power already existing. The condition to granting such an extension interposed by the 1917 act, to wit, that application therefor must have been made ten days before the return day, was written out of the law by the repeal of that section of the act in 1927. It has never been restored, except to the limited extent noted by our special rule aforesaid, and as a saving clause to operation of the new rules. True, while the condition was operative this court in City of Las Vegas v. People's Bank & Trust Co., 33 N. M. 238, 264 P. 951, without feeling called upon to decide the point, had intimated a doubt of the power of the district court after the return day to extend the time "to perfect the record on appeal." This doubt arose by reason of the condition appearing in the 1917 act to the allowance of any extension except where application therefor had been made ten days before the return day.

But later in Massengill v. City of Clovis, 33 N. M. 318, 267 P. 70, 71, dealing with the effect of the special rule heretofore mentioned, adopted to bridge the hiatus between repeal of much of the 1917 act and the putting into effect of the new rules, we said: "Although by statute the return day is not less than 90 days in appeals or writs of error, this court has no jurisdiction or power to act until the same has been perfected by docketing in this court and filing of the transcript, neither of which had been done at the time of the granting of the extension or the settling of the bill of exceptions in this case. The jurisdiction over the subject-matter and the parties had not been effectually transferred to this court. We know of no statute or rule of law which prevents us from providing by rule that, so long as the jurisdiction of the cause has not

been completely transferred to this court, we may not provide by rule that extensions of time may be granted by district judges to settle bills of exceptions, or to file transcripts in this court."

While in the Massengill Case we were not deciding the exact point now before us, what we there said is illuminating upon the question of the relative powers of the Supreme and District Courts with reference to an appeal, pending the docketing of same in the Supreme Court. The opinion also emphasizes our lack of jurisdiction to extend the time until a skeleton transcript has been filed in. this court. But *only* an *appellee* may file such a transcript. If he will not, then, although the appellant might, were our jurisdiction properly invoked, be authorized by us to perfect his record, the appellee refusing to move, an appellant is helpless, however excusable his default, except as power to extend may reside in the district judge.

Our failure to carry forward in the rule governing the subject the condition to extension found in the 1917 act which the rule supersedes fairly gives rise to the inference that we no longer considered the condition important. Otherwise, it would have been perpetuated. Absent the condition, there is nothing in the rule which confines to the return day the power of the district judge to extend the time to perfect the record and file the transcript in this court. We think such a construction is within the intent of the rule, and we so interpret it.

Practically the only argument urged against the wisdom and justice of this construction is that it will permit an appellant to delay the appeal interminably. Aside from the restraint which a judicious exercise of the power by district judges will interpose: "The answer to that contention is that, unless the transcript is filed in the time required by law, the appellee has his remedy by proferring in this court, before such default is cured, a skeleton transcript and motion to docket the case and affirm the judgment of the trial court." Herbst v. Rogers, supra.

Furthermore: "If he (appellee) fails to do so, but allows the appellant to file the transcript, the presumption certainly arises that, as he has not moved before, he does not consider his rights interfered with. * * * If he fails to act with promptness, he may in effect extend the day of grace to his adversary, who may take advantage of it, as in this case." Armijo v. Abeytia, supra.

All that is said in the two cases just cited regarding an appellee's right to forestall appellant's curing of his default by filing the transcript in this court before advantage thereof be taken is equally applicable to an appellee's right to move in the same manner before an appellant has cured his default by securing a further extension for perfecting the record after expiration of the return date. It follows from what has been said that the alternative writ should be made permanent.

It is so ordered.

HUDSPETH, BICKLEY, and ZINN, JJ., concur.

WATSON, C. J., did not participate.