**111 P.2d 859**

**HARNISH et al. v. URBANOSKI.**

**No. 4607.**

Supreme Court of New Mexico.

Feb. 21, 1941.

Rehearing Denied April 8, 1941.

Dailey & Rogers, of Albuquerque, for plaintiffs in error.

L. S. Wilson and John B. Wright, both of Raton, for defendant in error.

MABRY, Justice.

This matter comes on for hearing upon motion of defendant in error to nullify and void supersedeas and stay of execution heretofore authorized in an original action in proceedings in error, in this court. The questions involved are whether the application for supersedeas and stay and the order of court authorizing same were timely and regularly made and filed; and whether

"good cause" was shown for an extension of time to secure supersedeas.

Plaintiff in error, who had theretofore taken an appeal from a judgment rendered in the district court of Colfax County on September 14, 1940, and had thereafter dismissed the same, sued out a writ of error in the Supreme Court on December 13, 1940, which was on the ninetieth day after the entry of said district court judgment—the last day in which to apply for and secure such writ. A motion for a supersedeas bond was on the same day orally presented and allowed, but the formal order of the justice allowing such supersedeas and stay and authorizing the filing of the bond therefor, was not entered of record by the clerk until the day following, viz., December 14th. The bond itself was executed and filed on the 13th, however, the day the oral application, or motion, for the writ and requesting authority to supersede, was made. Likewise it was on the 13th that the justice who acted upon the application authorized a supersedeas.

There was no entry made by the clerk of the court nor was any memorandum made and preserved by the justice who authorized the supersedeas and stay on the 13th. Defendant in error contends that without some kind of memorandum or record made either by the justice or the clerk of the court, on the 13th, the last day in which such action could be taken or had, the supersedeas fails; that a record of some kind actually made on the 13th is indispensable and that no order made and entered the following day though authorized to be so entered and actually en-

tered by the clerk, nunc pro tunc as of the previous day, would avail defendant in error.

The day following, on December 14, there was executed a written application, or motion, to supersede such judgment, which application, or motion, contained the substance of the matters presented by the oral application, or motion, made the day before; and this, together with the written order of the justice—theretofore made and allowed but not yet put into writing or filed—was then filed with the clerk. There is no contention that the writ itself was not timely applied for and secured on the 13th.

We shall consider first the question whether good cause was shown for the extension of time from sixty to ninety days for the allowance of the supersedeas—granting there was in fact such extension. We now notice the pertinent rules of this court.

Rule V, "Appeals", provides: "Within three months from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the Supreme Court. * * *"

Rule VI, "Writs of Error", provides: "Writs of Error to bring into the Supreme Court any cause adjudged or determined in any of the district courts as provided by law, may be issued by the Supreme Court or any justice thereof, if application therefor be made within the time provided by law for the taking of appeals."

Rule IX, "Supersedeas and Stay", provides: "There shall be no supersedeas or stay of execution upon any final judgment or decision of any of the district courts in which an appeal has been taken or a writ of error sued out unless such appellant or plaintiff in error shall, within sixty days from the date of entry of such judgment or decision, or some responsible person for him, execute a bond to the adverse party in double the amount of such judgment complained of, with sufficient sureties, to be approved by the clerk of the district court, in case of appeals, and by the clerk of the supreme court in case of writ of error, conditioned for the payment of such judgment, and all the costs that may be adjudged against him in case such appeal or writ of error be dismissed or the judgment or decision of the district court be affirmed. Provided, however, that the district court, for good cause shown, may grant the appellant not to exceed thirty days additional time within which to file such bond, and a like extension of time may be granted by the supreme court in cases of writs of error, upon a like showing."

It cannot be said that "good cause" has not been shown by plaintiff in error for an extension of time for the additional thirty days within which to supersede the judgment. Protracted, and for much of the time, serious illness of the attorney who, alone, conducted the case below and who, alone, was familiar with the facts thereof, through practically the entire period of time from the rendition of the judgment on September 14, 1940, until after the expiration of sixty days from that date, was thought by the justice who authorized the

supersedeas to be sufficient. This court now holds that "good cause" has been shown.

■ It is further argued that there was no order made extending the time for an additional thirty days, granting this could be done upon an application filed after the original sixty-day period had expired. This contention is answered when we say that, though the order of the justice referred to did not, for the purpose of allowing bond in supersedeas, grant the thirty days additional in so many words, it is clear that when he granted the supersedeas and stay and authorized the bond it was understood and intended that an extension of thirty days was also then and there granted. Otherwise the justice so acting would have been doing a useless thing; for, charged with the reasonable presumption that he knew the rules of his own court, unless he then and there intended also to grant and allow an additional thirty days as provided by rule IX so as to bring plaintiff in error within the ninety-day period, any effort to grant relief would have been futile and unavailing. We see no merit in this contention.

■ We now come to the more important question of whether the thirty-day extension must be granted in case either the district judge or a justice of this court is called upon to act, before the expiration of the primary sixty-day period. Counsel for defendant in error argues ably and strenuously that such action must come within such period. But we are unim-

pressed with the logic advanced to support this view. We held in the case of National Mut. Savings & Loan Ass'n v. McGhee, District Judge, 38 N.M. 442, 34 P.2d 1093, where such extension of time for the settling and signing of a bill of exceptions was before us, the extension might be granted upon application filed after the expiration of the primary period duly extended by orders entered prior to such expiration. The same reasoning would support the rule when applied to time allowed for securing the authority for and the filing of a supersedeas bond. Counsel for defendant in error offers no good reason why his client has been or could be injuriously affected through the allowance of this supersedeas. The same reason and logic which supported our views in the National Mut. Savings & Loan Ass'n case, supra, are applicable here. We pointed out in the above case that an appellee could forestall appellant's curing of his default for not having proceeded in time to perfect his appeal, by himself filing a skeleton transcript in this court and having judgment affirmed. In the case at bar defendant in error could have had execution any day after judgment below, absent supersedeas, had he chosen to exercise his right to it.

■ The rule shortening the time to sixty days in the first instance is, doubtless, with a view of fixing a reasonable period within which time a party is required to move. The reason for an allowance of an additional thirty days when "good cause" is shown finds support, doubtless, in a desire that no hard and fast rule

may work an injustice; and therefore this additional time—"days of grace", it may be called—ought to be available when there is good cause to support the application therefor, whether such extension is sought before or after the sixty-day period has elapsed but within ninety days.

■ Defendant in error contends that under such rules as we are considering the authority is almost unanimous in holding that after the full time to supersede a judgment has expired that no order of the court, nunc pro tunc or otherwise, can avail the party who has slept upon his rights. The plaintiff in error does not question this doctrine, as we understand him. He says simply that the authority relied upon does not apply to the facts here. In this we agree. All that was necessary to be done within the three-month period which expired on the 13th day of December was in fact done by the close of that day.

■ Much of the authority relied upon by counsel for defendant in error and ably presented has to do with an over-extension of time for a party in like proceedings, including supersedeas and stay, where there is a definite time fixed by statute or rule. This is not the question here. We are confronted with a much simpler problem, viz., that of determining (a) whether an application to extend the time for filing a supersedeas bond must be in writing; and (b) whether such an application orally made and granted within ninety days after entry

of judgment is ineffective merely because the written order evidencing such an extension otherwise timely is formally made and entered on the ninety-first day. Both of these challenges to the proceedings we hold to be without merit. We are not considering a case where the application was made and an order of court secured until the ninety-first day. True, the formal and written application, or motion, for extension of time and supersedeas were not filed until the following day, nor was the written order of the justice allowing it. But, the application and motion were nevertheless made on the 13th, the day the bond was filed. The rules do not require that this be made in writing, though the better practice would obviously so require. Likewise the justice to whom the matter was presented, upon good cause shown, we must assume, allowed the extension, granted the supersedeas and authorized the bond on the 13th; though his order was not reduced to writing or filed until the following day, at which time it was ordered filed nunc pro tunc as of the 13th. The order when filed thus merely spoke of an act performed on the 13th. It cannot thus be construed as having the effect of extending for a day time to do that which must be done in all events within the three-month period.

All points relied upon to void the supersedeas are without merit, and the motion will be dismissed, and, it is so ordered.

BRICE, C. J., and ZINN, SADLER, and BICKLEY, JJ., concur.