[No. 2213, April 10, 1919.]
## STOCKARD v. HAMILTON.

### SYLLABUS BY THE COURT.

1. Under the statute law of this state (Laws 1917, c. 18), the salary of a district attorney may be garnished in the hands of the disbursing officer of the state.     P. 242

2. A case in which final judgment has been entered is not a "pending case," within the constitutional provision (article 4, § 34), which states that "no act of the Legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."     P. 244

Appeal from District Court, Chaves County; Richardson, Judge.

Action by J. W. Stockard against H. B. Hamilton, with garnishment against the Auditor and the Treasurer

of the State of New Mexico. Demurrer to complaint over-ruled, and judgment entered against defendant and the garnishees, and defendant appeals. Affirmed.

W. W. GATEWOOD and J. C. GILBERT, both of Roswell, for the appellant.

State disbursing officers are not subject to writ of garnishment for moneys constituting balance of salary due the district attorney. Art. 6, Sec. 24, Const. of N. M.; Art. 2, Chap. 30, N. M. Stats. Ann. 1915; Secs. 1869-70-71-73, N. M. Stats. Ann. 1915; Secs. 5333-5338-5339, N. M. Stats. Ann. 1915; Secs. 5322-24-29, N. M. Stats. Ann. 1915.

C. 18, L. 1917, is unconstitutional, in that it deprives appellant of vested statutory defense which he had at time of contracting of debt and rendition of the judgment against him. Sec. 2546, N. M. Stats.; Chap. 26, Session Laws 1915; Chap. 18, Session Laws 1917; Art. 4, Sec. 34, Const. N. M.; 18 Cyc. p. 1387, Sec. 2, and cases cited; Gunn v. Barry, 15 Wall. (U. S.) 610; 12 C. J., p. 973, Sec. 553; 12 C. J., p. 1071, Sec. 733, 72; 12 C. J.. p. 1086, Secs. 780-81; 20 Cyc. 979, 73.

J. D. MELL, of Roswell, for appellee.

The act is constitutional. Ruperich v. Baehr, 75 Pac. 782; Payne v. Baehr, 95 Pac. 895; Lawson v. Lawson, 111 Pac. 354; 12 C. J., p. 1083, Sec. 773; 12 C. J., p. 1017, Sec. 643; Standard Enc. of Proc., Vol. 10, p. 431, Sec. 26, and cases cited under note 47 on page 432.

## STATEMENT OF FACTS.

This action arose out of the following facts: On July 17, 1914, appellee, Stockard, plaintiff below, obtained judgment by default against the appellant, Hamilton, upon a promissory note dated June 10, 1912, and due one year from date. On July 31, 1915, appellee filed a complaint based on said judgment, and at the same time summoned. as garnishee the then auditor and treasurer

of the state of New Mexico, attempting thereby to garnishee the salary due from said state to the appellant, who was at all times during these proceedings the qualified and acting district attorney for the Third judicial district of this state. A demurrer was filed to the complaint by appellant, and sustained by the district court, and judgment subsequently entered for the appellant therein. Later, to wit, on the 13th day of August, 1917, the appellee again instituted suit by garnishment proceedings, and again summoned as garnishees the treasurer and auditor of the state of New Mexico. A demurrer was filed to the complaint in this action, which was overruled by the trial court, and judgment entered against the appellant and against the garnishees, the state treasurer and auditor, for the amount admitted by them to be due appellant in their return to the garnishment proceeding. It is from the sustaining of the demurrer and the entering of this judgment against the appellant and the garnishees that this appeal is taken.

OPINION OF THE COURT.

RAYNOLDS, J. (after stating the facts as above). [1] The appellant assigns as error the action of the district court sustaining the demurrer on the ground that the act of 1917 (Laws 1917, c. 18) is unconstitutional and void; that the state officers cannot be summoned as garnishees, nor can the salary of a state officer be garnished.

The question of garnishment of the salary of a state officer has been before this court on previous occasions, and it has been held that, in the absence of a statute clearly authorizing such action, a public officer could not be summoned as garnishee, nor could the salary of a state officer be subject to garnishment. See First National Bank v. Scott, 22 N. M. 411, 163 Pac. 1084; Owen v. Terrell, 22 N. M. 373, 162 Pac. 171; S. W. Loan Co. v. Awalt, 22 N. M. 607, 166 Pac. 1181, L. R. A. 1917F, 1117.

A distinction is made in the last case cited, namely, S. W. Loan Co. v. Awalt, between a public officer whose

term of office has expired and one whose term is still in existence at the time the garnishment is sued out; but that distinction has no bearing on this case. In the cases of Owen v. Terrell and First National Bank v. Scott, the reason for the rule that garnishment of public officers' salary is considered contrary to public policy is announced and explained, and the law of 1915 (Laws 1915, c. 26) passed upon. In the present case, as shown by the statement of facts hereinbefore made, the judgment was obtained and one garnishment issued before the law of 1917 (chapter 18) went into effect. The question involved in the present case concerns the construction of that act under authority of which it is conceded this proceeding to garnishee was brought.

The act, so far as is material to this case, is as follows:

"In all cases where the plaintiff has a judgment in some court of the state against any public official or any employe of the state of New Mexico, any county, city, town, village, municipality or school district thereof, the salaries of any such public officials and the salaries or wages of any such person so employed by said state of New Mexico, or any such county, city, village, town, municipality or school district thereof, shall be subject to garnishment: Provided, nothing in this act shall be construed to impair the rights of such public officials or such employe of said state, county, city, town, village, municipality or school district to claim exemption of wages or salaries as provided herein. In all cases where the plaintiff has a judgment in some court of the state against the defendant, any public officer may be summonsed as garnishee and the return of such public officer shall be by a statement over his official signature of the amount due the defendant, which said statement shall be filed by such public officer without costs in the action."

Section 2 repeals chapter 26, Laws 1915, and paragraph 2546, New Mexico Statutes Ann., Codification 1915.

From the plain language of the statute it is apparent that the Legislature intended that public officers could be summoned as garnishees, and also that the salary of public officials therein enumerated could be garnished, and unless such an enactment is contrary and repugnant to constitutional provisions, we are bound to uphold the

law, as it is for the legislative branch of the government to determine the public policy of the state, and not for the judicial.

In support of his contention that these provisions are unconstitutional, the appellant urges that the office of district attorney is a constitutional one, created by the Constitution, and that the disbursing officers of the state have the right to pay the salary of this office for the purpose only for which it is designated, and that the Legislature cannot legislate that it shall be disbursed otherwise. The contention is true, in case the office is one created by the Constitution, and when the qualifications, tenure, and emoluments therefor are fixed by that instrument; but this does not apply to the office of district attorney. The Constitution itself makes no provision as to the emoluments of the office in question, but specifically provides that the district attorneys shall receive such salaries as may be provided by law, thereby giving to the Legislature the plenary power in this respect. Const. art. 6, § 24.

[2] It is next urged that, under the law as it formerly stood when the first judgment was obtained in this case, and as it stood when the first garnishment was attempted—that is to say, when paragraph 2546 of the Codification of 1915 and chapter 26 of the Laws of 1915 were in force—and by the construction given by the court to these statutes in the decisions heretofore cited, viz., Owen v. Terrell, Bank v. Scott, Loan Co. v. Awalt, and by article 4, § 34, the appellant had acquired a vested statutory right and defense in the exemption allowed state officers from garnishment; and that this right, which he had previously asserted, was taken away from him by the law of 1917. Article 4, § 34, of the Constitution, upon which appellant relies, is as follows:

"No act of the Legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."

The authorities as to what is a "pending case" are by no means uniform, and are of no great aid to the court in

determining the meaning of the language in question. It has been held that a case is pending from the time it is instituted until the judgment has been satisfied; that a case is pending, although it has been stricken from the docket; that a case is pending until finally disposed of, and in a divorce action it is pending as long as the parties thereto survive. See Words and Phrases, First and Second Series. The definitions of a pending case vary with the construction of each particular statute. We have been unable to find a constitutional provision like our own. The word "pending," according to Webster and Century Dictionary, means "depending," "remaining undecided," "not terminated," and this meaning of the word should be adopted in this connection. The evident intention of the Constitution is to prevent legislation interference with matters of evidence and procedure in cases that are in the process or course of litigation in the various courts of the state, and which have not been concluded, finished, or determined by a final judgment. This provision of the Constitution was inserted for the purpose of curing a well-known method, too often used in the days when New Mexico was under a territorial form of government, to win cases in the courts by legislation which changed the rules of evidence and procedure in cases which were then being adjudicated by the various courts of the state. Such a provision, in our opinion, does not apply to a case like the present one, where a final judgment was obtained long prior to the enactment of the law of 1917.

Finding no error in the record, the judgment of the district court is affirmed; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.

### SYLLABUS BY THE COURT.

