[No. 3419.  April 19, 1929.]

STATE ex rel. STATE TAX COMMISSION v. FAIRCLOTH, County Treasurer.

[277 Pac. 30.]

W. A. Gillenwater and E. P. Davies, both of Santa Fe, for appellant.

Thomas V. Truder, of East Las Vegas, and F. Faircloth, of Santa Rosa, for appellee.

OPINION OF THE COURT

CATRON, J.  A motion to dismiss the appeal and affirm the judgment of the trial court has been filed.  The judgment was for dismissal of the mandamus proceeding, and was filed November 15, 1927.

Appellee .contends that the proceeding was a pending case in the district court of Guadalupe county on March 14, 1927, the date of the approval of chapter 93, Laws 1927, § 12 whereof provides:

"This act shall not apply to or affect cases pending at the date of the approval hereof in any of the courts of this state."

And, therefore, this appeal could only be perfected under chapter 43, Laws 1917.

Based upon this contention and assumption, appellee prepared and filed the motion in question, setting forth three grounds for the relief sought as follows:

(1) Because the appeal herein was not taken in open court, and no citation or other process was ever issued by the clerk of the district court directed to and citing the opposite party to appear in the Supreme Court and answer such appeal; no such citation, process, or notice of any kind was served on the opposite party or his attorney of record in the court below.

(2) Because no errors were assigned and filed with the clerk of the Supreme Court and a copy served on the opposite party on or before the return day to which this cause was returnable.

(3) Because the transcript herein was not filed in this court within 90 days from the date of taking the appeal, but was filed 238 days from the date of taking the appeal, and no application for an extension of time for filing the transcript was made at least 10 days prior to the return day of such appeal.

Appellant contends that prior to January 7, 1928, the date of the adoption by this court of the rules of appellate procedure, a final judgment had been entered, and that the appeal was taken after March 1, 1928, and perfected under the rules of appellate procedure which became effective March 1, 1928.

Chapter 43, Laws 1917, commonly known as the Appellate Procedure Act, prescribed each step to be taken in the perfecting of an appeal or writ of error. The provisions of the act were rather drastic, and resulted in many technical motions being filed in this court to dismiss appeals and thereby defeat a review on the merits. This court was compelled to adhere strictly to the act and former decisions construing same in passing upon such motions, and in many cases an appeal or writ of error was dismissed, notwithstanding the merit of the questions pre-

sented. In order to overcome this condition and give this court more latitude, the Legislature, at the request of the bar of this state, by chapter 93, Laws 1927, repealed practically all of the procedural provisions of chapter 43, Laws 1917, subject to the saving clause hereinabove noted.

Section 43, c. 43, Id., provided:

"The Supreme Court shall make rules for the government of the practice in writs of error and appeals which rules shall not conflict with any laws in force in this state."

The foregoing section was neither amended nor repealed by chapter 93, Laws 1927. It is the authority upon which this court on January 7, 1928, adopted and promulgated its "rules of appellate procedure," to become effective March 1, 1928.

At the time this court and a committee of the New Mexico State Bar Association were preparing the rules of appellate procedure both constitutional and statutory provisions were considered. They are:

Article 4, § 34, N. M. Constitution:

"No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."

Chapter 93, § 12, Laws 1927:

"This act shall not apply to or affect cases pending at the date of the approval hereof in any of the courts of this state."

In the case of Stockard v. Hamilton, 25 N. M. 240-245, 180 P. 294, 295, this court in passing upon the constitutional provision above noted said:

"The word 'pending,' according to Webster and Century Dictionary, means 'depending,' 'remaining undecided,' 'not terminated,' and this meaning of the word should be adopted in this connection. The evident intention of the Constitution is to prevent legislation interference with matters of evidence and procedure in cases that are in the process or course of litigation in the various courts of the state, and which have not been concluded, finished, or determined by a final judgment. This provision of the Constitution was inserted for the purpose of curing a well-known method, too often used in the days when New Mexico was under a territorial form of government, to win cases in the courts by legislation which changed the rules of evidence and procedure in cases which were then being adjudicated by the various courts of the state."

The language of section 12, c. 93, Laws 1927, is very broad. Literally interpreted, the sections repealed by chapter 93, Id., would remain in force as to all cases pending in any of the courts of this state at the date of the adoption of said act. The effect of so interpreting the section would have greatly hampered this court in putting into effect its new system of appellate procedure. The order fixing March 1, 1928, as the date for the taking effect of the new rules is in conflict with said section 12 when literally interpreted. This court considered the evils sought to be avoided by section 12, Id., and reached the conclusion that the beneficial purpose contemplated and intended was the same as the Constitution makers' had, as stated in Stockard v. Hamilton, 25 N. M. 240, 180 P. 294; and so, under a well-established rule of construction, we interpreted section 12, Id., so as to preserve the spirit and beneficial purpose of the provision and avoid the hampering effect of a literal construction.

Having reached these conclusions, the court prepared the rules of appellate procedure, and in the order promulgating same provided:

"The following rules of appellate procedure are hereby adopted; and all former rules of this court are hereby repealed. This order shall take effect March 1, 1928; Provided, that the rules hereby repealed shall continue to apply in appeals taken and writs of error sued out prior to said effective date; Provided, further, that Rule XII section 1, shall not apply in any case pending in a district court prior to said effective date."

This order is in effect an opinion and decision of this court, and the rules adopted are the equivalent of a statute.

Copies of the new rules were sent by the court to all attorneys long prior to the effective date thereof, in order that the attorneys might familiarize themselves therewith and avoid any doubt as to how appeals or writs of error were to be perfected.

Appellee does not contend that the new rules violate any constitutional provision or deprive a litigant of any constitutional right. We must, therefore, adhere to the ruling of this court contained in the order of January 7, 1928, and hold that this appeal is controlled by the

rules of appellate procedure adopted by this court January 7, 1928, as contended by appellant.

Although the above holding is determinative of the questions presented in appellee's motion, yet we think it advisable here to call the attention of the members of the bar to rule XIV, § 3, which is as follows:

"No motion to dismiss an appeal or writ of error, strike a bill of exceptions or otherwise dispose of any cause except upon its merits, where such motion is based upon other than jurisdictional grounds, will be granted except upon a showing, satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof. No such motion will be entertained unless filed before the movent has filed his brief on the merits."

Appellee's motion does not comply with the foregoing requirements.

It follows that the motion to dismiss must be denied, and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER, and SIMMS, JJ., concur.