**51 P.(2d) 606**

**CITY OF RATON v. SEABERG.**

No. 4167.

Supreme Court of New Mexico.

Nov. 15, 1935.

Robert A. Morrow, of Raton, for appellant.

Hugo Seaberg, of Raton, for appellee.

HUDSPETH, Justice.

It appears by the skeleton transcript, filed with the motion to docket and affirm or dismiss with prejudice, that appellant, the city of Raton, sued the appellee, Hugo Seaberg, for license fees, and that on the 10th of February, 1934, judgment was rendered in favor of movant on the pleadings.

The first ground of the motion is that the city of Raton cannot maintain

the action to collect the license fees because there is no express legislative authority therefor. (State ex rel. Carter v. Kall, 53 Mont. 162, 162 P. 385, 5 A.L. R. 1309 and annotation). We are unable to pass upon this question for the reason that the record before us does not contain the pleadings nor reference to any ordinance or statute authorizing the assessment of the license or tax.

 Another ground of the motion is that the appeal in this case is controlled by Trial Court Rule 105-2501 effective July 1, 1934, which reads as follows:

*"Appeals—Right—Time.* Within three months from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the supreme court."

Prior to the effective date of this rule, the time within which appeals might be taken from final judgment in civil action was six months. The order granting the appeal in this case was entered August 8, 1934, a few days before the expiration of the six-month period from the entry of the judgment. The appellee contends that by failure to appeal within three months from the entry of judgment appellant lost its right to have the judgment reviewed. We are not in accord with this theory. We had no intention of giving the rule retroactive operation so as to cut off the right of appeal which existed at the time it took effect. The rule only affects judgments entered after its effective date, July 1,

1934. 3 C. J. § 1034; Pignaz v. Burnett, 119 Cal. 157, 51 P. 48; Wilson v. Kryger, 26 N. D. 77, 143 N. W. 764, 51 L. R. A. (N. S.) 760, and note.

Appellee also complains that the trial court abused his discretion in granting extensions of time for settling the bill of exceptions. While the delay is unusually long, it does not satisfactorily appear that the trial court abused his discretion in granting the several extensions. Massengill v. City of Clovis, 33 N. M. 318, 267 P. 70; National Mut. Savings & Loan Ass'n v. McGhee, 38 N. M. 442, 34 P.(2d) 1093.

The motion should be overruled, and it is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and ZINN, JJ., concur.