96 P.2d 701

**CITY OF ROSWELL v. HOLMES et al.**
No. 4483.

Supreme Court of New Mexico.
Nov. 24, 1939.

Ross L. Malone, Jr., of Roswell, and W. A. Keleher and Theo. E. Jones, both of Albuquerque, for appellant.

Lake J. Frazier, of Roswell, for appellees.

BICKLEY, Chief Justice.

This appeal is from an order of dismissal "with prejudice" under the provisions of Ch. 121, L. 1937, as to seven of more than fifty defendants in a paving lien foreclosure proceeding.

Ch. 121, L. 1937, is as follows:

"Section 1. In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least two years after the filing of said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond two years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice. *No pending action or proceeding shall be dismissed under the provisions hereof until ninety days from and after the effective date of this Act.* [Italics ours.]

"Section 2. The filing of the motion for dismissal above provided for shall be taken and held as a special appearance by the party so filing same and shall not be taken to be an entry of appearance in said action or proceeding to confer upon the court jurisdiction other than to act upon said motion."

Appellant's position is that this is a procedural statute, and that the italicized portion above contravenes Article IV, Section 34, of the New Mexico Constitution, and that the statute is therefore inapplicable to this cause as it was a pending case at the time of the passage and effective date of the statute.

Article IV, Sec. 34, of the New Mexico Constitution is as follows:

"No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."

We think appellant's contention is correct.

In the first place, it is an inherent right of the courts and therefore one ex-

isting independently of any statute to dismiss a suit for failure to prosecute it with diligence. 9 R.C.L. 206. This is affirmed by counsel for both parties in the case at bar. Doubtless ordinarily the determination of what amounted to diligence was to be determined by the court in the exercise of a judicial discretion. Statutes or rules of court providing for the dismissal of actions not brought to trial within a stated time have been adopted in a number of jurisdictions. The statute here under consideration is of this type and changes the practice heretofore existing in that the legislature has provided what is a reasonable time within which suits shall be prosecuted to final determination by naming an arbitrary period, and further providing that when an action is dismissed under the provisions of the statute it shall be with prejudice to any other or further prosecution of the same cause of action. Prior to the enactment of the statute here involved, dismissing with prejudice has not been the procedure in New Mexico, or elsewhere, so far as we know, in the absence of controlling statute or rule of court. See 7 Standard Ency. of Procedure 678.

The text writer in the Corpus Juris article on "Statutes of Limitations" 37 C.J. 684, says:

"The essential attribute of a statute of limitations is that it accords and limits a reasonable time within which a suit may be brought upon causes of action which it affects. Statutes of limitation do not confer any right of action but are enacted to re-strict the period within which the right otherwise unlimited might be asserted. They are not matters of substantive right * * and rarely operate against one in the enjoyment of a right."

Thus it seems to us that Ch. 121, L. 1937, partakes of the attributes of a limitations statute. It limits the time within which an action once instituted may remain upon the docket. We see no reason why a litigant may not ordinarily dismiss an action prior to the running of the time limitation of the statute and preserve his right to bring a subsequent action.

The Wisconsin Supreme Court in Walter Brewing Co. v. Henseleit, 146 Wis. 666, 132 N.W. 631, 632, said:

"It is undoubtedly the law of this state that a seasonable voluntary dismissal by plaintiff of his cause of action, or a dismissal pursuant to a stipulation, is no bar to the bringing of a subsequent action for the same cause, and between the same parties. Bishop v. McGillis, 82 Wis. 120, 51 N.W. 1075. * * *

"It was early ascertained that injustice, and not justice, was often meted out in the prosection of stale claims, and later it was discovered that, though a suit might be seasonably instituted, yet, if it was not seasonably brought to trial, like injustice might result. Hence the enactment, in 1897, of section 2811a. Speaking of its purpose, this court has said: 'It indicates a legislative policy that actions should not

be permitted to slumber indefinitely, but that a reasonable time should be allowed within which to prosecute them, and provides a limitation.' Fleming v. Ellison, 124 Wis. [36], 41, 102 N.W. [398], 400. That it was intended as a statute of limitation upon the time within which a suit might be prosecuted is evidenced, both from its language and the rules of law applicable to nonsuits and dismissals existing at the time it was passed. * * *"

In 12 C.J. 1088 "Constitutional Law" § 782, it is said:

"Constitutional prohibitions against retrospective laws are generally held not to apply to acts which affect procedure only, and statutes affecting procedure are accordingly held valid even in their application to pending suits. * * Statutes are valid which merely add a remedy for an already existing right or limit or extend the time for its enforcement. In like manner particular remedies for existing rights may be taken away. Retrospective laws affecting remedies are invalid, however, where all remedies for an existing right are taken away * *"

Further weight may be given our conclusion that our statute is procedural in character by reference to decisions by the California courts in connection with the amendment in 1933 of its statute of similar nature, which amendment was by its terms retroactive. It has been held in a number of cases that as to the requirements of the statute by express terms retroactive, a reasonable time must have elapsed after the change in the remedy to permit some action by the party affected to safeguard his rights, and such reasonable time having elapsed, the statute could be given retroactive effect. See note in 112 A.L.R. 1165.

When we consider our statute in the light of whether it is enforceable because of its retroactive feature contained in the provision giving 90 days' time from the effective date of the Act for action to be taken in pending cases before the provisions of the statute can be enforced, we are confronted by Article IV, Section 34, of our Constitution, heretofore quoted, which as far as we are able to ascertain is a provision peculiar to our Constitution.

In Kreigh v. State Bank of Alamogordo, 37 N.M. 360, 23 P.2d 1085, 1087, we said: "It is fundamental that the procedure to enforce or secure rights or liabilities may be changed. In other words, that no person has a vested right in procedural law. This statement is subject to the qualification embodied in section 34 of article 4 of our Constitution * * *." And that is the situation in the case at bar. Ch. 121, L. 1937, changes the procedure heretofore existing with respect to dismissals for failure to prosecute, and the following portion of Sec. 1 of the Act, to-wit: "No pending action or proceeding shall be dismissed under the provisions hereof until ninety days from and after the effective date of this Act" undoubtedly applies to cases pending at the time of the passage

and approval of the Act, and therefore as to such cases is unavailing to prevent the statute as a whole from contravening the provisions of Section 34, Article IV of the New Mexico Constitution, quoted supra.

If, on the other hand, as is suggested, the statute providing for *dismissal with prejudice* be regarded as a "right" substantive in character, the result is the same. Section 83-110, N.M.S.A. 1929, recognizes the "right" to file a new suit within six months after the plaintiff has failed in a suit formerly commenced, even if the cause of failure has been negligence in its prosecution. If the statute in question has extinguished this right, it undoubtedly "affects" it whether such right be substantive or procedural. The "exception" in § 83-110 goes to the status of a new suit as a continuation of the first and not to the right to file a new suit within the period of the statute of limitations. See 7 Standard Ency. of Procedure 688.

The history of the constitutional provision here involved and the reason for its adoption is stated in Stockard v. Hamilton, 25 N.M. 240, 180 P. 294, and the indications are that the Constitution makers employed language which is far-reaching in effect.

Enough of Sec. 1, Ch. 121, L. 1937, remains to make an Act complete in itself, capable of being carried into effect, and sufficient to accomplish the object of the law as passed, in accordance with the intention of the legislature, except as to pending cases. Lewis' Sutherland Stat-utory Construction, Vol. 1, 2nd Ed. § 296; 59 C.J. "Statutes" § 205; State v. Brooken, 19 N.M. 404, 143 P. 479, L.R.A.1915B, 213, Ann.Cas.1916D, 136; Schwartz v. Town of Gallup, 22 N.M. 521, 165 P. 345. Our attention has not been directed to any provision of our Constitution which is offended by this portion of the statute. We therefore hold that the portion of Sec. 1, Ch. 121, L. 1937, which provides: "No pending action or proceeding shall be dismissed under the provisions hereof until ninety days from and after the effective date of this Act" and thereby obviously undertaking to change the rules of procedure in pending cases, is unconstitutional and void, being in conflict with and in contravention of Article IV, Section 34 of the Constitution of New Mexico.

Whether the Act operating prospectively only is subject to other constitutional objections, when invoked in a proper case, is not decided.

We think it appropriate to say that in City of Raton v. Seaberg, 39 N.M. 544, 51 P.2d 606, relied upon by the District Court and counsel for appellee in the case at bar, Mr. Seaberg, a member of the bar, representing himself as appellee moving in effect that the appeal should be dismissed because not taken within three months instead of six months as authorized by a superseded rule, supported the applicability of the new rule and said in his brief: "If Article 4, Section 34 of the New Mexico Constitution should be offered as prohibiting the change of time for appeals,

the answer to that contention is that after a final judgment the case is *not pending;"* Since the new rule shortening the then existing period for taking appeals was not attacked on any ground, but the party seeking a dismissal of the appeal was supporting and relying on the new rule and our holding was that such new rule was not applicable to that case, any discussion of Art. 4, Sec. 34, would have been mere dictum and we see nothing in the decision which aids appellee.

There is nothing in State ex rel. Hannah v. Armijo, 38 N.M. 73, 28 P.2d 511, contrary to our holding here.

Also it is worthwhile to note that in the case at bar, on the request of the Chief Justice, several questions relative to the scope and meaning of the Act generally were propounded. Acknowledgment of appreciation is now made to counsel for both parties for the generous and thorough response made to that request.

The order of dismissal by the district court under the provisions of the statute is erroneous as the case here was a pending case at the effective date of Ch. 121, L. 1937, and no change in procedure can be permitted therein because of the constitutional provision heretofore referred to. The order of dismissal is accordingly reversed and the cause remanded, and

It is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.