96 P.2d 704

**STATE ex rel. WESTERN ACCEPTANCE CORPORATION v. MOISE, Judge.**

No. 4494.

Supreme Court of New Mexico.

Nov. 24, 1939.

Nathaniel Lloyd, of Las Vegas, for relator.

H. E. Blattman, of Las Vegas, for respondent.

BICKLEY, Chief Justice.

This is an application for a writ of mandamus or writ of prohibition to compel the respondent to dismiss a case or to prohibit him from proceeding further in said action.

In the district court the Western Acceptance Corporation filed its motion to dismiss the civil action with prejudice under the authority of Chapter 121 of the 1937 Session Laws of New Mexico. It is conceded that the action was pending at the effective date of the statute cited. The motion was denied by respondent.

Counsel for relator contends that he has no adequate remedy by appeal or writ of error and so invokes the jurisdiction of this court in its superintending control over inferior courts. Art. VI, Sec. 3, New Mexico Constitution. See Atchison, Topeka & Santa Fe Ry. Co. v. State Corp. Commission et al., 43 N.M. 503, 95 P.2d 676, decided by this court October 25, 1939.

The relator ably presents the following points:

"(A) That Chapter 121 of the 1937 Session Laws of the State of New Mexico is by its terms applicable to actions pending at the time it went into effect.

"(B) That said statute allowed a reasonable time, to-wit: 90 days from and after its effective date, being 180 days from and after its enactment, before the statute could be invoked against pending actions or rights; and therefore the statute is not invalid or unconstitutional because thereafter applicable to such previously pending actions.

"(C) The statute is not unconstitutional as in violation of Section 34, Article 4, of the New Mexico Constitution, because before the statute was enacted there existed no rules of procedure in New Mexico regulating the dismissal of an action for delay in prosecution; and therefore no change in any rule of procedure was made by the enactment of the statute; and the statute merely vitalizes the power to dismiss for want of prosecution inherent in the courts.

"(D) Furthermore, the act does not relate to rules of procedure at all; but on the contrary creates a substantive right in the parties to the mandatory discontinuance of stale suits and proceedings; it is not a mere adjective or procedural act, but is a substantive law, similar in nature to statutes providing for abatement or survival of actions, or a statute of limitations, and is therefore not within the inhibition of Section 34, Article 4 of the New Mexico Constitution which prohibits changes in rules of procedure from affecting pending cases."

Respondent stoutly challenges the propositions so advanced. We have this day filed our decision and opinion in City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701, in which we held that the statute cited is inoperative as to actions pending at the time of

the effective date of its enactment by reason of the provisions of Article IV, Section 34, of our Constitution.

This view compels us to discharge the alternative writs, and it is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.