**183 P.2d 845**

**STATE v. ARNOLD.**

**No. 5020.**

Supreme Court of New Mexico.

Aug. 6, 1947.

C. C. McCulloh, Atty. Gen., and Robert W. Ward, Asst. Atty. Gen., for appellant.

William T. O'Sullivan, of Albuquerque, for appellee.

COMPTON, Justice.

A jurisdictional question presents itself at the outset. This court will notice the state of the record to determine whether it has jurisdiction and may, from its own discovery, question that fact. Lack of jurisdiction at any stage of a proceeding is a controlling consideration to be resolved before going further. Davidson v. Enfield, 35 N.M. 580, 3 P.2d 979. An examination of the record discloses that the final judgment was entered September 3, 1946. The order granting an appeal was entered December 21, 1946. No timely application for an appeal was made or filed.

Rule 5, paragraph 1 of the Rules of the Supreme Court, section 19-201(5), relating to the taking of appeals is as follows: "Within three months from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the Supreme Court."

This rule modifies Sec. 105-2501, N.M. 1929 Comp., which reads as follows: "Within six months from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the supreme court of the state."

Thus the question is presented (1) whether Rule 5, Section 1, effectually modifies Section 105-2501, 1929 Comp., and if so, (2) do we have jurisdiction to proceed to a determination of the matter on the merits in the face of the rule limiting the time.

It is contended by appellant that the statute in question is concerned solely with substantive rights and cannot be modified or limited by rule and that, consequently, the rule is void. Accordingly, the appellant urges this court to proceed to a determination of the issues involved. In 1933 the legislature enacted a statute concerning the rule making power known as Laws of 1933, Chapter 84, 1941 Comp., Sec. 19-301, reading as follows: "The Supreme Court of the state of New Mexico shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts of New Mexico, for the purpose of simplifying the same and of promoting the speedy determination of litigation upon its merits. Such rules shall not abridge, enlarge or modify the substantive rights of any litigant. The Supreme Court shall cause such rules to be printed and distributed to all members of the bar of the state of New Mexico and to all applicants, and the same shall not become effective until thirty (30) days after they have been so printed, made ready for distribution and so distributed."

The rule adopting all statutes relating to pleading, practice and procedure is Section 19-302, 1941 Comp., as follows: "All statutes relating to pleading, practice and procedure, now existing, shall, from and after the passage of this act (§§ 19-301, 19-302) have force and effect only as rules of court and shall remain in effect unless and until modified or suspended by rules promulgated pursuant hereto."

It would serve no good purpose for us to indulge in exhaustive discussion of the Supreme Court's rule making power. The subject is so well considered in the case of State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1, that we see no occasion to add to what is there said. Suffice it to say that, whatever the source, this Court possesses unquestioned power to make rules touching pleading, practice and procedure. That this much is affirmed in State v. Roy, supra, none can question. The decisive consideration in the case before this court, then, is whether the rule adopted by it limiting the time for taking an appeal to three months, rather than six months as previously provided by statute, effects a substantive right or a matter of procedure merely.

This exact question has been before the Supreme Court of Colorado and decided by it adversely to the contention of appellant in the case at bar. The Colorado Act

of 1913, Laws 1913, p. 447, granting to the Supreme Court the power to make "rules of practice and procedure in all courts of record" expressly stated that such rules should supercede any statute in conflict therewith. At the time the Act was passed the statutory period for issuing a writ of error was three years. In 1917 the Supreme Court adopted a rule reducing this period to two years. It was over this new rule that the contest as to the validity of the enabling act was presented to the Supreme Court in Ernst v. Lamb, 73 Colo. 132, 213 P. 994, 995.

The plaintiff in error, barred by the rule but not by the statute, contended that the Act of 1913 was unconstitutional as an effort to delegate legislative power and that the rule was void because it attempted to change the statute of limitation as if it were a matter of procedure. Both points were ruled against the plaintiff in error. In a very succinct statement the Supreme Court of Colorado announced its ruling in this language, to-wit: "But now the point is made that a limitation on the time within which error may be brought is not within the scope of this act, because neither a matter of practice nor procedure. We think otherwise. (Then follows a history of legislation concerning practice and procedure in Colorado). With a history like the foregoing, covering 60 years, we cannot say that the limitation of a writ of error does not belong to the category procedure." See, also, Walton v. Walton, 86 Colo. 1, 278 P. 780.

■ The processes for the administration of the law are composed of three elements: pleading, practice and procedure. Statutes relating to pleading and practice are procedural and may be modified by rule. See "The Source of Authority for Rules of Court Affecting Procedure", Washington University Law Quarterly, June 1937 issue, Volume 22, Secs. 3, 4 and 5.

■ It may be readily conceded that if the legislature had authorized no appeal, this court would be powerless to create the right of appeal by rule. The creating of a right of appeal is a matter of substantive law and outside the province of the court's rule making power. Nevertheless, once the legislature has authorized the appeal, reasonable regulations affecting the time and manner of taking and perfecting the same are procedural and within this court's rule making power.

■ We conclude from what has been said that the rule in question reducing the time for taking an appeal from six months to three months is dealing with a matter of procedure and is within the rule making power of this court. Accordingly, it appearing that the appellant neither applied for nor was granted an appeal within the

period prescribed by the rule, its appeal should be dismissed.

It is so ordered.

LUJAN, SADLER, and McGHEE, JJ., concur.

BRICE, C. J., not participating.