372 P.2d 821

**Paul L. GRAY and Roger Gray, Petitioners,**

**v.**

**Luis E. ARMIJO, Judge of the Fourth Judicial District Court of the State of New Mexico, Respondent.**

No. 6874.

Supreme Court of New Mexico.

June 18, 1962.

Adams, Foley & Calkins, Albuquerque, for petitioners.

**246**

Lorenzo A. Chavez, Arturo G. Ortega and Melvin L. Robins, Albuquerque, for respondent.

Rodey, Dickason, Sloan, Akin & Robb, Robert D. Taichert, Albuquerque, amicus curiæ.

CHAVEZ, Justice.

This case comes before us on petition of Paul L. Gray and Roger Gray for a writ of prohibition against Luis E. Armijo, Judge of the Fourth Judicial District Court of the State of New Mexico, respondent.

Judy Terry, a minor, by Roland Terry, her father and next friend, plaintiffs, filed suit in cause No. 6016, Guadalupe County, New Mexico, against petitioners, Paul Gray and Roger Gray, defendants, seeking damages arising out of an automobile accident which occurred south of Santa Rosa on or about June 21, 1957. Plaintiffs' complaint also alleged that by the operation of the motor vehicle on the highways of New Mexico, petitioners were subject to the provisions of § 21-3-16, N.M.S.A., 1953 Comp., and submitted themselves to the jurisdiction of the courts of New Mexico.

Petitioners-defendants, Paul L. Gray and Roger Gray, will be referred to as "petitioners" and plaintiffs, Judy Terry, a minor, and Roland Terry, her father and next friend, will be referred to as "plaintiffs."

Petitioners were served with copy of summons and complaint in Honolulu, Hawaii, on or about August 9, 1960, pursuant to § 21-3-16, supra. Petitioners appeared specially and filed a motion to quash service of process. After a hearing, the trial court (respondent) overruled petitioners' motion. Thereafter, petition for writ of prohibition was filed in this court and the alternative writ issued.

The following undisputed facts are pertinent: (a) The automobile accident occurred in Guadalupe County, New Mexico, on June 21, 1957; (b) petitioners were residents of New Mexico at the time of the accident and their motor vehicle was involved in said accident on the highways of New Mexico; (c) Sec. 21-3-16, supra, was enacted by Ch. 153 of the 1959 Legislature which became effective on June 12, 1959; (d) thereafter plaintiffs filed suit against petitioners and service of process was made under § 21-3-16, supra, on or about August 9, 1960.

The question presented in this case involves the construction of § 21-3-16, supra, which provides:

"21-3-16. Personal service of process outside state—Business transacted in state—Operation of motor vehicle upon state highway—Tort committed within state—Insurance Contract.—A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal repre-

sentative to the jurisdiction of the courts of this state as to any cause of action arising from:

"(1) The transaction of any business within this state;

"(2) The operation of a motor vehicle upon the highways of this state;

"(3) The commission of a tortious act within this state; or

"(4) Contracting to insure any person, property or risk located within this state at the time of contracting.

"B. Service of process may be made upon any person subject to the jurisdiction of the courts of this state under this section by personally serving the summons upon the defendant outside this state and such service has the same force and effect as though service had been personally made within this state.

"C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

"D. Nothing contained in this section limits or affects the right to serve any process in any other manner now or hereafter provided by law."

Prior to the enactment of § 21–3–16, supra, our legislature, in 1931, had enacted a statute known as the "Nonresident Motorist Act," §§ 64–24–3 and 64–24–4, N.M.S.A., 1953 Comp., which provided the procedure for substituted service on nonresident motorists committing a tort within the state. This statute applied to persons who were nonresidents at the time of the actual occurrence of the tort, but did not apply to persons who were residents of the state at the time of the commission of the tort but who were nonresidents at the time that the action was brought. It became apparent that an inequity existed where a resident of this state committed a tort within New Mexico and then left the state before suit was filed. This court recognized this situation in Fisher v. Terrell, (1947), 51 N.M. 427, 187 P.2d 387. Thus the 1959 Act applied to "Any person, whether or not a citizen or resident of this state * * *."

Petitioners contend that § 21–3–16, supra, cannot be applied retroactively. They cite many of our cases which hold that statutes are presumed to operate prospectively only and will not be given retrospective effect unless such intention on the part of the legislature is clearly apparent. Gallegos v. Atchison, T. & S. F. Ry. Co., 28 N.M. 472, 214 P.2d 579; Wilson v. New Mexico Lumber & Timber Co., 42 N.M. 438, 81 P.2d 61; Board of Education of City of Las Vegas v. Boarman, 52 N.M. 382, 199 P.2d 998; Davis v. Meadors-Cherry Co., 65 N.M. 21, 331 P.2d 523.

Petitioners concede that an exception to the above rule is stated in Wilson v. New

Mexico Lumber & Timber Co., supra, wherein we stated:

"The general rule is that statutes, except those dealing with remedial procedure, are to be construed as prospective rather than retrospective unless there is a clear legislative intention to the contrary. * * *"

■ The question then arises as to whether the statute is procedural or substantive in nature. Petitioners contend that the statute in question creates substantive rights and is not procedural. In Johnson v. Terry, 48 N.M. 253, 149 P.2d 795, we held that the rule of court relating to replevin was invalid because it was not merely procedural, but instead was judicial legislation and of no effect. In that case we defined substantive law as follows:

" * * * substantive law, speaking broadly, is that which creates duties, rights, and obligations * * *."

In State v. Arnold, 51 N.M. 311, 183 P.2d 845, we held that reducing the time for allowance of appeals from six to three months involved procedural and not a substantive change. We said:

" * * * The creating of a right of appeal is a matter of substantive law and outside the province of the court's rule making power. Nevertheless, once the legislature has authorized the appeal, reasonable regulations affecting

the time and manner of taking and perfecting the same are procedural and within this court's rule making power."

Petitioners cite cases from other jurisdictions such as Ashley v. Brown, 198 N.C. 369, 151 S.E. 725; Monacelli v. Grimes, 9 Terry 122, 48 Del. 122, 99 A.2d 255; and Guerra de Chapa v. Allen, D.C., 119 F. Supp. 129, which tend to hold that statutes permitting service of process on nonresident motorists are not merely procedural. However, in the Ashley case the court followed Paraboschi v. Shaw, 258 Mass. 531, 155 N.E. 445, since the North Carolina statute was adopted from that of Massachusetts. Under the Massachusetts and North Carolina statute the court considered that by the operation of a motor vehicle within the particular state such operator consented to the appointment of an agent for service of process. Both of the above courts based their decision not to give the statute retrospective effect on the legal theory that appointment of an agent for service of process created and imposed a contractual obligation and thus created substantive rights which did not exist prior to the enactment of the statute. Duggan v. Ogden, 278 Mass. 432, 180 N.E. 301, 82 A.L.R. 765.

■ The question of consent to the appointment of an agent for service of process, or the imposition of a contractual obligation, is not present in the New Mexico statute before us. The cases of Monacelli

v. Grimes, supra, Guerra de Chapa v. Allen, supra, and other cases cited by petitioners, are distinguishable from the case before us as the New Mexico statute in question does not provide for service of process on a statutory agent impliedly appointed or agreed to by virtue of the statute. No contracts are involved in this case. As to vested rights, there are none in a particular remedy or method of procedure. Ogdon v. Gianakos, 415 Ill. 591, 597, 114 N.E.2d 686, 690; Kessler v. Thompson (N.D.1956), 75 N.W.2d 172, 178.

Petitioners also cite Allen v. Superior Court (Cal.App.1952), 251 P.2d 358. That case was reversed by the Supreme Court of California in a subsequent opinion, Allen v. Superior Court (1953), 41 Cal.2d 306, 259 P.2d 905. In the Allen case, Irving and Jeanette Bromberg sued Robert W. Allen for damages arising out of an automobile accident which occurred in California on November 1, 1947. Thereafter, Allen moved to Oregon where he was personally served with summons and complaint on May 3, 1952. On May 29, 1952, Allen appeared specially and filed a motion to quash on the ground that the court had not acquired jurisdiction of him because the action was *in personam.* The trial court denied the motion. Allen then challenged the propriety of that denial by seeking a writ of prohibition to restrain the Superior Court of Los Angeles County from taking any further proceedings in said action.

The California statute provides that a person who "resides out of the State; or has departed from the State; or cannot, after due diligence, be found within the State; or conceals himself to avoid the service of summons" is subject to service by publication. Code of Civ.Proc. § 412. Under such circumstances, personal service outside the state is declared to be "equivalent to publication." Ibid., § 413. Section 417 of the Code of Civil Procedure, enacted in 1951, provides:

"Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, and was a resident of this State (a) at the time of the commencement of the action, or (b) at the time that the cause of action arose, or (c) at the time of service."

In the latter Allen case (259 P.2d 905), the court stated:

" * * * 'Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally

served with a copy of the summons and complaint, and was a resident of this State at the time of the commencement of the action or at the time of service.' Stats.1951, ch. 935, p. 2537; effective September 22, 1951. As so based on the broad authority of sections 412 and 413, section 417 is manifestly designed to restrict the power of the court if a personal judgment is to be entered. Thus its operation is made dependent on defendant's residence within the state either at the time of commencement of the action or time of service, and on his personal service with summons.

\*   \*   \*   \*   \*   \*

"Petitioner questions the applicability of section 417 to the present case and argues that this section can have no retrospective operation so as to affect pending litigation. He takes the position that since section 417 did not take effect until some three years after the commencement of the action and at a time when he admittedly was not a resident of this state, it can have no significance here. But as above discussed, California at all times under sections 412 and 413 of the Code of Civil Procedure had the power to obtain *in personam* jurisdiction over petitioner for the purposes of this action by means of such service of process as would satisfy the requirements of due process. Then section 417, as a clarifying statute, set forth the restrictive conditions under which this state would assert *in personam* jurisdiction, thereby leaving no doubt that this state was conforming in this regard with 'traditional notions of fair play and substantial justice \* \* \* implicit in due process \* \* \*.' Milliken v. Meyer, supra, 311 U.S. 457 at page 463, 61 S.Ct. [339] at page 343, [85 L.Ed. 278.] As so construed, section 417 may reasonably apply to pending as well as future litigation. In this respect it is not to be regarded as a retroactive law, and petitioner's argument correlating the section with objectionable retrospective legislation effecting an impairment of vested rights, 11 Am.Jur. sec. 368, p. 1197 et seq., is without merit."

Our rule, § 21–1–1(4) (k), N.M.S.A., 1953 Comp., makes personal service of summons outside the state equivalent to publication and mailing as provided in § 21–1–1(4) (g) and (j), just as was true in California under the Code of Civil Procedure, § 413. Accordingly, when § 21–3–16, supra, became effective, the statutory situation here was identical with that present in California after adoption of the Code of Civil Procedure, § 417, discussed in the Allen case. See also Owens v. Superior Court of Los Angeles County, (1959), 52 Cal.2d 822, 345 P.2d 921, 78 A.L.R.2d 388.

In 72 C.J.S. Process § 25, p. 1022, service of process is defined as follows:

"Service of process is the giving of such actual or constructive notice of a suit or other legal proceeding to defendant as makes him a party thereto, and compels him to appear or suffer judgment by default; and 'service' in this connection means the execution of process or the particular act of the officer by which the copy of the citation was communicated. Service of process is a matter of adjective law, since it relates to, and deals with, the mechanics of practice and procedure, the legal machinery by which the substantive law is made effective. The service of a summons is ministerial and not judicial in its nature."

A negligence case, similar to the case before us, arose in the United States District Court for the Eastern District of Washington. Teague v. Damascus (1960), 183 F.Supp. 446. The state of Washington had adopted the Illinois statute in 1959 and even though the Supreme Court of Washington had not passed upon the statute, the Federal District Court proceeded to construe the statute, just as the Tenth Circuit Court of Appeals construed our statute in Clews v. Stiles, No. 6401, filed October 28, 1960, 303 F.2d 290. The Federal District Court for Washington followed the construction placed upon the statute by the state of Illinois in Nelson v. Miller (1957), 11 Ill.2d 378, 143 N.E.2d 673, and held that service of process is remedial and that the statute had retroactive application. It cited with approval Bluff Creek Oil Co. v. Green (5 CCA 1958 Texas), 257 F.2d 83, 85; McGee v. International Life Ins. Co., 355 U.S. 220, 224, 78 S.Ct. 199, 201, 2 L.Ed.2d 223. See also Steffen v. Little (1957), 2 Wis.2d 350, 86 N.W.2d 622.

In Lone Star Motor Import, Inc. v. Citroen Cars Corp. (D.C.S.D.Texas 1960), 185 F.Supp. 48, the court had before it the question of whether jurisdiction based on substituted service of process under a Texas statute was a remedial or procedural matter. In passing upon this question the court quoted with approval from Bluff Creek Oil Company v. Green, supra (257 F.2d 83, 85), concerning a 1955 Illinois process statute, as follows:

"* * * the service of process statute did not add to or create new liabilities which were then sought to be retrospectively asserted. What the process law does is merely provide for the effectual assertion of that right, a means of doing so through local courts. As a remedial, procedural statute, it could constitutionally apply to supply effective machinery for the assertion of existing substantive rights which, of course, on Green's Illinois State Court complaint came into being as a result of the transactions in 1951."

■ Petitioners also argue that the courts of the adopting state are not bound to accept the construction placed on the statute by the courts of the state from which it was adopted. Petitioners cite Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006; McDonald v. Senn, 53 N.M. 198, 204 P.2d 990, 10 A.L.R.2d 966; White v. Montoya, 46 N.M. 241, 126 P.2d 471: McDonald v. Lambert, 43 N.M. 27, 85 P.2d 78, 120 A.L.R. 250; State v. Reed, 39 N.M. 44, 39 P.2d 1005, 102 A.L.R. 995; and Beals v. Ares, 25 N.M. 459, 185 P. 780. Section 21–3–16, supra, with one exception not material, was adopted verbatim from the state of Illinois. This court has followed the general rule of construction that where one state adopts a statute of another state there is a presumption that it likewise adopts the construction of the statute by the courts of the state from which it was adopted. Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540; McDonald v. Lambert, supra; White v. Montoya, supra; Smith v. Meadows, supra.

This court, in Melfi v. Goodman, 69 N.M. 488, 368 P.2d 582, in upholding the constitutionality of the very statute which is before us, said:

"  *   *   * our statute was adopted from the Illinois statutes, Chapter 110, § 17, Smith-Hurd Illinois Statutes Annotated. In adopting the statute, it is presumed that the New Mexico Legislature also adopted the prior construc-

tion of the statute by the highest courts of Illinois.  *   *   *"

In Melfi v. Goodman, supra, we cited Nelson v. Miller, supra, which considered the identical question before us and interpreted the Illinois statute. That case contained prior construction to the effect that the Illinois act merely established a new mode of obtaining jurisdiction of the person of the defendant in order to secure existing rights, which in themselves were not affected by the change, and that the same was applicable to rights of action which had arisen before the act was adopted. It is true that the Illinois interpretation would not apply in a pending case because of our constitutional provision, Art. IV, § 34; however, except for this difference there is no reason for a different result in the case before us.

Petitioners also contend that if § 21–3–16, supra, is applied retrospectively, that it affects substantial rights in violation of § I, Fourteenth Amendment, U.S.Constitution, and § 18, Art. 2, of the New Mexico Constitution.

Petitioners concede that no constitutional question is involved in the prospective application of the statute. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. Petitioners' position depends upon a showing that the statute grants substantive rights. The question raised under this point has been

disposed of under our holding hereinbefore discussed.

Another of petitioners' points is that assuming that § 21–3–16, supra, is procedural and if applied prospectively, such application will violate Art. IV, § 34, of our constitution, which provides:

"No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."

Petitioners argue that since the statute was not in effect when the accident occurred on June 21, 1957, the right or remedy was affected by the statute. This contention has also been disposed of under our holding in this opinion. Petitioners argue that even though the suit was not filed until after the statute became effective, the term "pending case" is not confined only to a suit pending on the docket of some court. We disagree. There was no pending case between the parties at the time of the enactment of § 21–3–16, supra, in 1959, and plaintiffs did not file their suit until July, 1960.

As to what constitutes a "pending case" see Stockard v. Hamilton, 25 N.M. 240, 180 P. 294. See also State ex rel. State Tax Com. v. Faircloth, 34 N.M. 61, 277 P. 30.

Petitioners' final point is that if the statute in question is procedural, it is an unconstitutional invasion of the judicial branch in violation of Art. III, New Mexico Constitution, which provides:

"Section 1. [Separation of departments.]

"The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments, shall exercise any powers properly belonging to either of the others, except as in this Constitution otherwise expressly directed or permitted."

It is contended that if the statute here involved be considered procedural, in effect it violates the foregoing provisions of the New Mexico Constitution.

In support of this point petitioners cite State ex rel. Hovey Concrete Prod. Co. v. Mechem, 63 N.M. 250, 316 P.2d 1069, and State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1. State v. Roy, supra, involved the construction of Ch. 84, Laws of 1933, which conferred power on the court to adopt rules of pleading, practice and procedure. We held that Ch. 84, Laws of 1933, was not unconstitutional in that it did not attempt to delegate exclusive legislative powers to the judicial branch.

The case of State v. Mechem, supra, is not similar to the situation before us. That case involved the Workmen's Compensation Act, Ch. 246, Laws of 1957, and we held that the Act was unconstitutional because it violat-

ed Art. VI, § 1, of our constitution which fixes a limitation on the creation of courts except as provided by this constitutional provision, in that it was a legislative attempt to create an executive agency clothed with judicial power on a parity with the district courts, and to invest it with statewide jurisdiction. We held that this could not be done. Neither of these cases are of help to petitioners.

The action of the district court is affirmed and the alternative writ of prohibition heretofore issued is hereby set aside and ordered discharged.

IT IS SO ORDERED.

COMPTON, C. J., and CARMODY, MOISE, and NOBLE, JJ., concur.