434 P.2d 69

**Pauline M. MARQUEZ, widow and dependent of Gualdomero Marquez, on behalf of herself and on behalf of Lucy Joan Marquez, dependent of Gualdomero Marquez, Plaintiff-Appellee,**

v.

**Claude WYLIE and Marshall Wylie, d/b/a Wylie Paving Company, Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellants.**

**No. 8331.**

Supreme Court of New Mexico.

Oct. 23, 1967.

Rehearing Denied Dec. 4, 1967.

. Modrall, Seymour, Sperling, Roehl & Harris, Leland S. Sedberry, Jr., John R. Cooney, Albuquerque, for appellants.

Lorenzo A. Chavez, Melvin L. Robins, Albuquerque, for appellee.

OPINION

CARMODY, Justice.

At the threshold, we are faced with the jurisdictional question of whether the appeal was timely filed. This is true even though appellants contend in their reply brief that appellee cannot raise this question; nevertheless we must determine it whether called to our attention or not. See, William K. Warren Foundation v. Barnes, 1960, 67 N.M. 187, 354 P.2d 126; Chavez v. Village of Cimarron, 1958, 65 N.M. 141, 333 P.2d 882; and State v. Arnold, 1947, 51 N.M. 311, 183 P.2d 845.

. This case was filed on September 9, 1963. Judgment was entered on July 20, 1966, and on August 1, 1966, being Monday and a twelfth day after the entry of judgment, appellants filed a motion for new trial. It was not until September 7, 1966, that the notice of appeal was filed.

Under Driver-Miller Corporation v. Liberty, 1961, 69 N.M. 259, 365 P.2d 910; the notice of appeal was filed on Monday, the thirty-second day after judgment, rather than on Saturday, the thirtieth day, and we held that the appeal was not timely under Rule 5(1) (§ 21–2–1(5) (1), N.M. S.A.1953, 1967 Pocket Supp.). In Associates Discount Corporation v. DeVilliers, 1964, 74 N.M. 528, 395 P.2d 453, we determined that a motion for new trial, unless made within ten days after judgment as provided by Rule 59(b) (§ 21–1–1(59) (b), N.M.S.A.1953), did not extend the time for appeal. Thus here, were it not for a change in both the rules of the district court and the rules of the supreme court (§§ 21–1–1(6) (a) and 21–2–1(28) (a), N.M.S.A.1953, 1967 Pocket Supp.), which were amended "effective after December 31, 1965," there would be no question but that this appeal comes too late to give us jurisdiction. Without setting out the same in full, suffice it to state that the above-mentioned rules relate to the computation of time, and the amendment merely added Saturday to Sundays and legal holidays as the period not to be included in the running of time.

The New Mexico Constitution, art. IV, § 34, is as follows:

"No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."

. Based upon the above section, we recently held that an attempted change by the legislature of Rule 41(e) (§ 21–1–1 (41) (e), N.M.S.A.1953) could not apply to a pending case. Sitta v. Zinn, 1966, 77 N.M. 146, 420 P.2d 131. With this background, we must determine whether we have jurisdiction in this particular case.

The basic thrust of appellants' argument, that the motion for new trial was timely, is that art. IV, § 34, supra, does not apply to rules of court. We cannot agree. Shortly after the adoption by this court of the rules of civil procedure in

March of 1942, the following order was entered by the court:

"It is the sense of the court and accordingly hereby ordered that article IV, § 34, of the New Mexico Constitution shall govern in determining the effective date of the operation of all rules adopted by this court *as though the said rules had been enacted by the legislature.*" (Emphasis added.)

Thus, the court, some twenty-five years ago, was obviously of the opinion that the rules of court had no different effect than statutes enacted by the legislature, and that art. IV, § 34, be considered applicable to rules as well as statutes. We would also observe that even prior to that time, in State ex rel. State Tax Com. v. Faircloth, 1929, 34 N.M. 61, 277 P. 30, it was said:

"This order is in effect an opinion and decision of this court, and the rules adopted are the equivalent of a statute."

That the constitutional provision was designed to prevent a change such as occurred here is no longer subject to question, in view of the long-standing expressions by this court. Stockard v. Hamilton, 1919, 25 N.M. 240, 180 P. 294, discussed the reason behind the constitutional provision as it related to the legislature, but did not concern or mention rules of court. However, in State v. Hall, 1935, 40 N.M. 128, 55 P.2d 740, it is implicit that the court regarded rule changes in a pending case to be similarly prohibited by the constitution.

■ In this same connection, appellants urge that the change of the rules is not a "change in procedure." Such an argument is fallacious, as the court could no more extend the time for the filing of a motion for new trial *in a pending case* than it could shorten the time. Compare, Consolidated Placers v. Grant, 1944, 48 N.M. 340, 151 P.2d 48. The effect of the rule change, as applied to this case, extended the time for filing a motion for new trial from ten to twelve days contrary to Rule 59(b), supra. It is therefore a change in procedure. There is nothing to the contrary in Heron v. Gaylor, 1948, 53 N.M. 44, 201 P.2d 366, or State ex rel. Hannah v. Armijo, 1933, 38 N.M. 73, 28 P.2d 511, relied upon by appellants; and we do not consider Hildebrand's Estate, 1953, 57 N.M. 778, 264 P.2d 674, to be persuasive.

■ It is also asserted that this was not a "pending case" at the time the motion for new trial was filed. Suffice it to say that judgments of the district court remain under control of that court for a period of thirty days under the provisions of § 21-9-1, N.M.S.A.1953. It can hardly be said that it has ceased to be a pending case as long as the judgment remains under the control of the court. Cf., Fairchild v. United Service Corporation, 1948, 52 N.M. 289, 197 P.2d 875; and State v. Hall, supra. Neither State, ex rel. State Tax Com. v. Faircloth, supra, nor City of Raton v. Seaberg, 1935, 39 N.M. 544, 51 P.2d 606, lend appellant any aid. The first of these cases, while applying a changed rule of appellate procedure in a case where the appeal was taken after the rule became effective frankly admitted it was being done "to preserve the spirit and beneficial purpose of the provision [§ 12, ch. 93, N.M.S.L.1927] and avoid the hampering effect of a literal [interpretation.]" The section involved provided that the act should "not apply to or affect cases pending at the date" the act was approved. However, the court applied the provision which dealt only with appellate procedure in a case where judgment had been entered but the appeal not perfected. Similarly, in City of Raton v. Seaberg, supra, it was held that a change in appellate procedure applied in all cases wherein judgment was entered after the effective date of the rule change. Nor is any consolation to appellant to be found in Woo Dak San v. State, 1931, 36 N.M. 53, 7 P.2d 940, or in Stockard v. Hamilton, supra. In both of these cases, but for different reasons, statutory changes were held applicable to cases which had been filed before the effective date of the en-

actment. Stockard v. Hamilton, supra, is particularly instructive because it defines "pending case" and concludes that the provisions of art. IV, § 34, N.M.Const., did not apply in a case wherein a final judgment had been entered long prior to the effective date of the amendatory legislation. As already noted, the instant case was pending in the ·district court on December 31, 1965, when Rule 6(a) (§ 21–1–1 (6) (a), N.M.S.A.1953), as amended, became effective and, accordingly, could not be applicable to extend the time for filing the motion for new trial, with the consequences already noted so far as timeliness of the appeal is concerned.

Finally, appellants argue with considerable force that the rules themselves specifying their effective date as "after December 31, 1965," expresses an intention on the part of the court to make the change of the rules effective to all cases, whether pending or not, after the aforementioned date. Appellants point out that several of the rule changes made by us over the years have provided an effective date, and, as distinguished, others have provided that they shall apply to cases filed in the district court after a specified date.

 We regret that a misunderstanding has occurred, but can reach no other conclusion than that it was not the intention of this court in amending the rules to make Rule 6(a), supra, applicable to cases then pending in the district court. We decline to imply, as suggested by appellants, that the omission of the words "filed in the district court after * * *." was intended by us to have any particular meaning. Cf., Miller v. Doe, 1962, 70 N.M. 432, 374 P.2d 305. We, of course, do ·not reach the question of the applicability of Rule 28(a), supra, as it may or may not apply to cases involving purely appellate procedure. See, State ex rel. State Tax Com. v. Faircloth, supra, and State v. Arnold, supra.

The motion for new trial, not having been timely filed, did not extend the time for appeal, and therefore the notice of appeal was not timely ·in accordance with Rule 5(1), supra.

The appeal will be dismissed. It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.

### OPINION ON REHEARING

In conjunction with appellants' motion for rehearing, there was filed a motion for certiorari for diminution of the record. This motion, which has been granted by the court, presents the question of the applicability of Rule 6(e) (§ 21–1–1(6) (e), N.M.S.A.1953), in that it is contended that there should have been three days added to the ten-day period for the serving of a motion for new trial under Rule 59(b) (§ 21–1–1(59) (b), N.M.S.A.1953). In essence, appellants now claim that, inasmuch as the judgment was served upon them by mail, the rule should be applied to allow appellants thirteen days from the time of the entry of judgment within which to file a motion for new trial.

The contention has no merit. Notice had long before been given to the appellants that a proposed form of judgment would be presented to the trial judge for signature and thus the requirements of § 21–9–2, N.M.S.A.1953, were fully met. We know of no statute requiring notice of the actual entry of the judgment, and Rule 5(a) (§ 21–1–1(5) (a), N.M.S.A.1953), although specifying that certain documents must be served upon the opposing party, does not include judgments. Thus Rule 6(e), supra, has no application to this case. In addition, we would note that Rule 59(b), supra, by its very terms, provides that a motion for new trial "shall be served·not later than ten days after entry of the judgment."

Wilson v. Shamrock Amusement Corp. (9th Cir. 1955), 221 F.2d 687, and United States v. Onan (8th Cir. 1951), 190 F.2d 1, cert. denied 342 U.S. 869, 72 S.Ct. 112, 96 L.Ed. 654, cited by appellants, have no application because each related to specific provisions of a federal statute; Wilson concerned a required notice of entry of judgment in a bankruptcy proceeding, and Onan

548

related to service of notice of the commencement of an action by registered mail as provide by statute.

In our opinion, the provisions of Rule 6(e), supra, cannot serve to extend the time required for the filing of a motion for new trial as provided by Rule 59(b), supra.

Other than the matters above discussed, appellants' motion for a rehearing, although in many respects appealing to our sense of justice and our desire to determine cases on the merits, is, in essence, a renewal of contentions previously made and expressly disposed of by our opinion. We nevertheless have given serious consideration to the able argument presented, but remain unconvinced. Therefore, the motion for rehearing will be denied. It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.